# FREEMAN v. FIRST NAT. BANK OF BOYNTON *et al.*

No. 3620. Opinion Filed October 27, 1914.

(143 Pac. 1165.)

1. **INDIANS—Deed to Indian Allotment—Action to Cancel—Infancy of Grantor—Burden of Proof.** Where an Indian allottee brings an action to cancel certain deeds and mortgages affecting his allotment, on the ground that he was an infant when the same were executed, he thereby assumes the burden of proof in establishing the fact of his infancy.

2. **SAME—Enrollment Records—Conclusiveness—Probative Effect—Age of Indian Allottee.** In an action to cancel conveyances affecting an Indian allotment consummated prior to the approval of Act Cong. May 27, 1908, c. 199, 35 St. at L. 313, section 3, the "enrollment records" are not conclusive evidence as to the age of the allottee. In such case his age is a question

of fact, to be proved by competent testimony, as any other fact at issue in the case.

3.   **SAME—Allotments—Mortgage—Foreclosure—Parties.** An Indian allottee, having the right to convey his allotment, who executes a mortgage on a part thereof and afterwards conveys the same land by warranty deed, has parted with all his title to and interest in such land, and is not a necessary party to the foreclosure proceedings commenced by his mortgagee, where no personal judgment is prayed against him.

4.   **EVIDENCE—Hearsay—Age.** A witness may, partly in view of the corroborative facts known to him, testify as to his own age from hearsay; but he may not be permitted to testify as to the age of another person upon the basis of hearsay or reputation.

(Syllabus by Galbraith, C.)

*Error from District Court, McIntosh County;*

*Preslie B. Cole, Judge.*

Action by Caryle D. Freeman against the First National Bank of Boynton, a corporation, and others, to cancel certain deeds and mortgages on his allotment. Judgment for defendants, and plaintiff brings error. Affirmed.

*Van Court & Reubelt,* for plaintiff in error.

*N. A. Gibson, H C.. Thurman, T. L. Gibson,* and *Irwin Donovan,* for defendants in error.

Opinion by GALBRAITH, C.   Two actions were pending in the district court of McIntosh county involving the allotment of Caryle D. Freeman, a citizen of the Creek Nation. Upon motion these causes were consolidated and tried as one. One action was by A. A. Vierson and L. L. Sessions against Freeman, and the other was by Freeman against the First National Bank of Boynton and the plaintiffs in the first action and other parties to whom he executed deeds and mortgages on part of his allotment. The ground upon which the cancellations were asked was that Freeman was a minor when he executed the several deeds and mortgages, except the deed to Allen, and he alleged that, although that deed was executed after his majority, it was given to confirm a deed that had been executed during his minority,

without any additional consideration, and was also void. Proper pleadings were filed by five of the defendants in the consolidated case, the other defendants having disclaimed any interest in the action, and upon the issues formed by the pleadings the cause was submitted to the court for trial. The principal issue of fact in the case was as to the age of the allottee at the time he executed the deeds and mortgages involved in the suit; the law being settled that if he were a minor at the time of the execution of these several instruments, he was without legal capacity to contract, and the instruments were absolutely void.

The plaintiff, Caryle D. Freeman, alleged that these several deeds and mortgages were executed during his minority, and relied upon that fact as a ground for asking the court to decree their cancellation. He thereby assumed the burden of proof upon this issue. *Rice v. Ruble,* 39 Okla. 51, 134 Pac. 49. He introduced the "enrollment records," which showed that he was 21 years of age on August 14, 1908, and testified himself that he became 21 years of age on the 14th day of August, 1908. He also testified that his father was dead, and that his mother was living and a resident of McIntosh county at that time, but was sick and unable to attend the trial. He also offered his older brother as a witness, but upon objection he was not permitted to testify as to the age of Caryle D. Freeman. On the other hand, the parties to whom the several deeds and mortgages were executed testified that Caryle D. Freeman represented to them, at the time of the execution of said instruments, that he was 21 years of age, and to one of these parties Caryle's father, who was then living, also represented him to be 21 years of age. Caryle admitted making these representations. The court also had an opportunity of seeing Freeman and observing his appearance and manner, and considering these in connection with the question of his age.

The court found on this issue that Caryle D. Freeman was more than 21 years of age at the time of the execution of the first instrument in controversy, to wit, the deed to Vierson and Sessions on August 21, 1907, and further found that that was

a valid deed, and that it was intended to be a mortgage for the purpose of securing $600 money loaned, and ordered that it be reformed and foreclosed as a mortgage. The court also found that on the 27th day of September, 1907, Freeman executed a mortgage to the Union Investment Company on a part of the premises mortgaged to Vierson and Sessions, to secure a loan of $75, and declared this to be a valid mortgage lien on the premises, subject to the prior lien in favor of Vierson and Sessions, and also found that on October 11, 1907, Freeman executed a mortgage on a part of his allotment to the First National Bank of Boynton to secure a loan of $600, and also found that this was a valid mortgage lien; also that on the 6th day of February, 1908, Freeman executed a warranty deed to A. D. Kennedy, conveying the land mortgaged to the bank, and thereafter, on the 13th day of April, 1908, executed a warranty deed for the same land to E. A. Jackson. The court also found that on the 6th day of September, 1910, the First National Bank of Boynton secured a decree in the district court of McIntosh county foreclosing its mortgage lien against the land, and ordering the same sold to satisfy the mortgage indebtedness; that the land was advertised for sale in pursuance of said order and sold, return of sale made to the court and confirmed, and that the sheriff of the county duly executed his deed conveying the land to the First National Bank; and that said bank is therefore the owner of the legal title to the land, and is entitled to have the same quieted in it as against Freeman and other parties to the suit. The court also found that on the 28th day of August, 1908, Freeman executed a deed to Charles R. Stewart to 30 acres of his allotment, and that all the consideration of that deed was paid by J. N. Allen, Stewart taking the title as trustee for Allen, and that said conveyance was legal and valid, and that Stewart should execute the trust of conveying legal title to the land to Allen. The court decreed according to these several findings. There is evidence in the record to support these several findings. Under the repeated holdings of this court, the findings of the trial court on these several facts are conclusive on this court.

While a number of errors are assigned and argued, it will not be necessary to examine all of them separately. It is argued that the trial court's findings that Caryle D. Freeman was more than 21 years of age on August 21, 1907, was contrary to law; that his "enrollment records" show that he did not become 21 years of age until the 14th day of August, 1908; that the act of Congress of May 27, 1908, declares that such "enrollment records" shall be conclusive as to his age in all controversies affecting his allotment; and that therefore the finding of the court as to his age, being contrary to the recitals of this record, is void and cannot be sustained.

It will be observed that all of the conveyances in question, except the deed to Stewart and the one to Stewart as trustee for Allen, were executed prior to May 27, 1908, the date of the passage of the act of Congress which provided that "the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of such citizen or freedman," and since it has been held that this act does not apply to transactions concluded prior to the date of its adoption, the "enrollment records" were not conclusive as to the age of Caryle D. Freeman in any of the conveyances except the deeds to Allen and Stewart. The law is that in all transactions affecting the land of the allottee consummated prior to the approval of the act of May 27, 1908, the age of the allottee is a question of fact subject to proof by competent evidence, the same as any other fact at issue in the case.

The first paragraph of the syllabus in the case of *Phillips et al. v. Byrd et al.,* 43 Okla. 556, 143 Pac. 684, reads as follows:

The act of Congress of May 27, 1908 (35 St. at L. 313), in part provides: * * * The enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman. *Held,* that such act is not, nor was it, intended to be a rule of evidence; but the purpose of said act is to prescribe terms and conditions upon which members of the Five Civilized Tribes of Indians may alienate their lands, and to prescribe a fixed and uniform rule by

which those contracting with such members of such tribes could determine the exact date minors reached their majority for the purpose of alienating their lands."

The fourth paragraph of the syllabus in *Scott v. Brakel et al.,* 43 Okla. 655, 143 Pac. 510, reads:

"The Commission had no jurisdiction in making its enrollment of the citizens and freedmen of the tribes to determine and conclusively adjudge their respective ages. In the determination of rights which accrued and of the effect of transactions concluded prior to May 27, 1908, the enrollment records of the Commission are not conclusive evidence of the age of any Indian citizen or freedman enrolled thereon."

See, also, *Williams et al. v. Joins et al.,* 34 Okla. 733, 126 Pac. 1013; *Rice v. Ruble,* 39 Okla. 51, 134 Pac. 49; *Perkins v. Baker,* 41 Okla. 288, 137 Pac. 661.

Under the foregoing authorities the finding of the trial court relative to the age of the allottee was not contrary to law. This assignment is not well taken.

It is also assigned as error that the court refused to admit a summons and alias summons and the return thereon for Caryle D. Freeman, issued in the former suit of the First National Bank of Boynton v. Freeman. It was claimed that these papers would show that Caryle D. Freeman was not served in that case, and that the judgment of foreclosure was therefore void, and that the First National Bank of Boynton did not acquire title to the land claimed by it.

The court excluded this testimony on the ground that the judgment in that foreclosure proceeding recited that personal service had been made upon Caryle D. Freeman in that case, and that that judgment could not be attacked collaterally, as was attempted to be done by this evidence. This ruling, even if error, was not prejudicial, since the court found that Caryle D. Freeman was of age and had a right to convey the land when he made the deed to Kennedy in February, 1908, and to Jackson in April, 1908. Either of these deeds was sufficient to convey the equity

or remaining title in Caryle D. Freeman after the execution of the mortgage to the First National Bank of Boynton. Freeman, therefore, had no title or interest in the land at the time the foreclosure proceedings were commenced in Septembr, 1910, and was not a necessary party to that suit. It does not appear that any excess judgment was taken against him in that action.

It is also urged that the court erred in permitting Allen and Stewart to file an amended answer to the petition on the day of the trial, and pleading therein a defense and praying for relief inconsistent with the original answer and cross-petition. This matter of permitting the amended answer to be filed is vested in the discretion of the trial court, and its action therein is not subject to review, unless the discretion is abused. It does not appear that the plaintiff was injured by this action of the court in permitting the amended answer to be filed, since the issues were not materially changed, and the plaintiff in error was not prejudiced thereby. *Kuchler v. Weaver*, 23 Okla. 420, 100 Pac. 915, 18 Ann. Cas. 462.

It is also urged that the court erred in sustaining an objection to the testimony of Theodore Freeman, a brother of Caryle D. Freeman, who was called to testify as to the age of Caryle. The question arose in this manner:

"Q. Do you know the age of Caryle? A. Yes, sir; I do. Q. How do you know the age of Caryle D. Freeman? A. Well, I have heard my folks say, telling me his age. Q. Then what is the age of Caryle?"

An objection was made to this question and sustained by the court, and that is assigned as error.

"(4) Hearsay.—Age may be proved by hearsay, when in question as a fact of pedigree. But not where the case is not one of pedigree, as, for instance, where the object is to establish infancy as a defense, or as an element in the crime of abduction, or generally where age is in question." (Abbott's Proof of Facts, 162.)

In Chamberlayne on Evidence, vol. 4, sec. 2969, it is said:

"Age of Another.—While a witness may, partly in view of the corroborative facts known to him, testify as to his own age from hearsay, he may not be permitted to testify as to the age of another person upon the basis of hearsay, or of reputation."

The Supreme Court of California, in the case of *People v. Mayne,* 118 Cal. 516, 50 Pac. 654, 62 Am. St. Rep. 256, said:

"Although the term 'pedigree' includes the facts of birth, marriage, and death, and the times when these events happened (Greenleaf on Evidence, sec. 104), and evidence of these facts is pertinent for the purpose of establishing pedigree, the several facts, or either of them, do not of themselves constitute pedigree, and a case in which the age of an individual is the issue to be determined is not a case of pedigree. 'A case is not necessarily a case of pedigree because it may involve the questions of birth, parentage, age, or relationship. Where these questions are merely incidental, and the judgment will simply establish a debt, or a person's liability on a contract, or his proper settlement as a pauper, and things of that nature, the case is not one of pedigree, although questions of marriage, legitimacy, death, or birth are incidentally inquired of.' *Eisenlord v. Clum,* 126 N. Y. 566 [27 N. E. 1024, 12 L. R. A. 836]. See, also, *Haines v. Guthrie,* L. R. 13 Q. B. Div. 818."

See, also, *Commonwealth v. Felch,* 132 Mass. 22; *Westfield v. Warren,* 8 N. J. Law, 249; *Connecticut Mut. Life Ins. Co. v. Schwenk,* 94 U. S. 593, 24 L. Ed. 294.

We are constrained to hold that the ruling sustaining the objection to the question was not error. We do not deem it necessary to refer in detail to the other assignments, since we have examined them carefully and are convinced that they are not well taken.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.