## CORNELIUS *et al.* v. YARBROUGH.

No. 3118.   Opinion Filed December 8, 1914.

(144 Pac. 1030.)

1.   **INDIANS—Alienation of Land—Age—Enrollment Record— Effect as Evidence—Validity of Statute.** Plenary authority to fix the terms and conditions under which restrictions upon the lands allotted to the members of the Creek Tribe of Indians should be removed is vested in Congress, and that portion of Act May 27, 1908, c. 199, 35 Stat. 312, containing, as one of such conditions and terms, the provision that the enrollment records of the Commissioner to the Five Civilized Tribes should thereafter be conclusive evidence as to the age of said citizen or freedman is not unconstitutional and void, but a valid exercise of the authority vested in Congress.

2.   **SAME—Operation of Statute.** That part of said act of Congress, mentioned in the foregoing paragraph, providing "* * * that the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman," applies to transactions relating to the sale of lands of an allottee when entered into subsequent to the taking effect of the act.

3.   **SAME—Enrollment Records—Probative Effect—Cancellation of Instruments.** In a suit by a Creek citizen of the half blood to cancel certain deeds to and a mortgage upon her allotted lands, made by her during her alleged minority, where it was also sought to cancel the note executed contemporaneously with the mortgage, and for which the latter was given to secure payment, and where the fact of minority was by the

pleadings put in issue, and the only evidence introduced or tendered was the citizenship rolls of the Commissioner to the Five Civilized Tribes, it was error to decree the cancellation of the note.

4. **SAME—Application of Statute.** Section 3 of the act of May 27, 1908 (35 Stat. 313, c. 199), making the enrollment records thereafter conclusive evidence of the age of a citizen or freedman of the Five Civilized Tribes, is confined by its terms to questions arising under the act, and not to independent or even related questions.

(Syllabus by Sharp, C.)

*Error from District Court, Okmulgee County;*

*Wade S. Stanfield, Judge.*

Action by Jennie Yarbrough against William D. Cornelius, the Union Investment Company, and others. Judgment for plaintiff, and the defendants bring error. Modified and affirmed.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for plaintiffs in error.

*Merwine & Newhouse* and *Geo. C. Beidleman,* for defendant in error.

Opinion by SHARP, C. On July 28, 1910, in the district court of Okmulgee county, defendant in error, Jennie Yarbrough, filed suit against the plaintiffs in error and others, alleging that she was a citizen of the Creek Tribe of Indians of the half blood, and had received as a portion of her allotment a tract of land consisting of 160 acres (describing it); that she was enrolled on the 18th day of January, 1900, by the Commission to the Five Civilized Tribes, as of the age of eight years; that thereafter, while married and under the age of eighteen years, she, with her husband, executed certain conveyances to the defendants named, as follows: A note and mortgage to the defendant Union Investment Company, dated September 24, 1908; a warranty deed to the defendant William D. Cornelius, dated December 4, 1908. That both said mortgage and said warranty deed were duly recorded in the records of the register of deeds in Okmulgee county; that said instruments were made without

any order, decree, or authority of any court, were void, and conveyed no interest to the parties grantee or mortgagee, but were clouds upon plaintiff's title to said lands; and that she had spent the consideration received on account of the various transactions, and was unable to refund the same. She asked for a cancellation of the various conveyances, including the note and mortgage to the Union Investment Company. Defendants answered, admitting the plaintiff was an enrolled citizen of the Creek Nation of the half blood, and that the land described in her petition was a portion of her allotment, but denying that she was under the age of eighteen years at the time of the execution of the instruments described in her petition, and further alleging that at the time of their execution plaintiff was over eighteen years of age and without restriction upon her right of alienation of her allotted lands.

In all of its material aspects the case is a companion to *Yarbrough v Spalding et al.,* 31 Okla. 806, 123 Pac. 843. Each case involves a part of the allotment made Jennie Yarbrough, as a citizen by blood of the Creek Nation, the plaintiff in error in the Spalding case being defendant in error here. The conveyances attacked and sought to be set aside in each case were made after the passage by Congress of Act May 27, 1908, c. 199, 35 Stat. 312. In the Spalding case the land was alienated during the year 1909, while in the present case the mortgage was made December 24, 1908, and the deed executed December 4th of said year. The similarity of the two cases is conceded by counsel for plaintiff in error, who in their brief say:

"The facts in this case are practically identical with those appearing in case No. 2744, upon the docket of this court, recently decided; Jennie Yarbrough being the plaintiff in both cases, and the land involved in both being portions of her land allotted to her as a citizen of the Creek Nation of the half blood."

Plaintiff's testimony consisted of a certified copy of her census or enrollment card, which is identical with that appearing in the opinion in *Yarbrough v. Spalding et al.* This was the only testimony offered by her. Defendants then offered, over plain-

tiff's objection, evidence which, if competent, tended to show that plaintiff was eighteen years of age December 20, 1907. After hearing the evidence, the court rendered judgment in favor of plaintiff.

The issue presented being identical with that of the Spalding case, and no sufficient reason being shown why the opinion in that case does not correctly state the law, it would serve no useful purpose to cite further authorities or include additional reasoning in its support, hence we adhere to the conclusion announced by the court in its former opinion.

In *Phillips et al. v. Byrd,* 43 Okla. 556, 143 Pac. 684, construing that part of the Act of May 27, 1908, which provides: " * * * The enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman," it was held that that part of said act of Congress quoted had no application to a transaction relating to a contract or sale of lands completed prior to the date said act took effect, but that said enrollment records were conclusive evidence as to the age of any enrolled allottee when applied to any transaction relating to a contract or sale of lands of such allottee entered into subsequent to the taking effect of said act.

The transactions of both the grantee in the deed and the mortgagee were made in the face of the statute making the enrollment records thereafter conclusive evidence of the age of the allottee. An investigation of these records would have disclosed the latter's inability to alienate in the manner attempted. As said in *Bell v. Cook et al.* (C. C.) 192 Fed. 597, 605:

"If an intending purchaser from an allottee of tribal property holding the public rolls in one hand and the act in the other, by a comparison of the two found such allottee possessed the power of disposition under the act and the rolls, he was at liberty to purchase, and he was protected in such purchase. If, on the contrary, the law and the public rolls, considered together, denied the right of the allottee to convey, a purchaser from such allottee was not protected, *and this regardless of the true state of facts as they might be made to appear in this case.*"

As to that part of the court's order cancelling, setting aside, and holding for naught the note given the Union Investment Company, September 24, 1908, we think the court erred. The act of May 27, 1908, had to do primarily with the alienation of allotted lands of members of the Five Civilized Tribes. It was not by section 3 thereof intended to arbitrarily make the enrollment records conclusive evidence of age of the allottee for all purposes, but in the determination of questions arising under the provisions of the act alone. The giving of the note, considered apart from the contemporaneous execution of the mortgage, was but the creation of a personal obligation to pay the amount thereof on a day fixed. It was the alienation of allotted lands that the statute aimed at, not independent or even related transactions. The fact of plaintiff's minority when the note was executed was put in issue by the answer, and the only proof submitted by her, as we have already seen, was the citizenship rolls. This, for the purpose now being considered, was incompetent, and furnished no poof of plaintiff's age at the time the note was executed.

It therefore follows that the judgment of the court should be affirmed in so far as it cancels and sets aside the several instruments other than the note of the Union Investment Company. As to that portion of the judgment canceling said note, the same should be vacated and set aside.

By the Court: It is so ordered.