## SCOTT v. COVER *et al.*

No. 6570.   Opinion Filed February 29, 1916.

(155 Pac. 889.)

1.   **INDIANS—Age of Allottee—Proof—Enrollment Records.**  In an action involving the title to an Indian allotment under conveyances executed since the act of Congress approved May 27, 1908 (chapter 199, 35 Stat. 312), became effective, the enrollment records, including the evidence had before the Commission to the Five Civilized Tribes upon the application for enrollment, are conclusive as to the age of such allottee.

2.   **APPEAL AND ERROR—Scope of Review—Equity.**  In a case of purely equitable cognizance, this court has power to consider the entire record, including documentary evidence properly. offered and improperly excluded and brought here by the record, and affirm the case, if the judgment of the trial court is supported by the weight of the evidence, including the evidence wrongfully excluded.

3.   **INDIANS—Conveyance of Allotment—Age of Grantor—Sufficiency of Evidence.**  The evidence in this case fully weighed, and found that the weight thereof sustains the judgment rendered.

(Syllabus by Collier, C.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Leola Scott, *nee* Atkins, against Charles E. Cover and another.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*Herbert E. Smith* and *Henry M. Gray,* for plaintiff in error.

*George James* and *Belford & Hiatt,* for defendants in error.

Opinion by COLLIER, C.  This action was brought by plaintiff in error, hereinafter called plaintiff, against defendants in error, hereinafter designated defendants, to

Scott v. Cover et al.

set aside and hold for naught a certain mortgage, leases, and deeds described in the petition, executed by plaintiff's husband and by plaintiff and her husband upon lands described in the petition, which said lands constituted the homestead allotment of plaintiff, who was a duly enrolled Creek citizen by blood. Plaintiff alleges that, at the time of the execution of each of said conveyances made by her and herself and husband, she was under the age of 18 years.

The evidence shows that the several conveyances complained of were executed, respectively, April 28, 1908, August 5, 1908, October 3, 1908, January 9, 1909, January 23, 1909, April 16, 1910, and April 2, 1912; and that any consideration received by said plaintiff had been spent and squandered. Plaintiff offered in evidence the following instrument:

"Form 56. Department of the Interior: Commissioner to the Five Civilized Tribes.

"Creek Roll: Citizens by Blood.

| Number | Name | Age | Sex | Blood | Card No. |
|--------|------|-----|-----|-------|----------|
| 9811 | Atkins, Leola | 11 | F | ⅛ | 3781 |

"This is to certify, that I am the officer having custody of the approved roll of citizens by blood of Creek Nation, and that the above and foregoing is a true and correct copy of that portion of said roll appearing at No. 9811, enrolled as of February 18, 1903, enrollment approved by the Secretary of the Interior on January 8, 1904, P. O. Wagoner, Okla. C. H. Drew, Clerk.

"Muskogee, Oklahoma. July 2, 1913.

"J. G. WRIGHT,
"Commissioner to the Five Civilized Tribes."

To the introduction of said instrument, an objection was interposed, which objection was overruled and the

instrument admitted in evidence, to which defendants duly excepted.   Thereupon defendants demurred to the evidence, which demurrer was overruled and duly excepted to.   Defendants, against the objection and exception of plaintiff, introduced in evidence Exhibit. A, which is as follows:

"Department of the Interior:   Commission to the Five Civilized Tribes.

"In the matter of the application of Sarah Atkins for the enrollment of Mary E. Wilson, Margaret Atkins Parks, John H. Atkins, Geneva Atkins Winn, Nancy Atkins Taborn, James A. Atkins, Nathaniel Atkins, Annanias A. Atkins, Naoma Atkins, Leola Atkins, Bertie Atkins, Thomas Atkins, Susie Atkins Taborn and Albert Taborn, as citizens of the Creek Nation.

"Decision.

"It appears from the record in this case that on August 26, 1899, Sarah Atkins appeared before this commission, at Muskogee, Indian Territory, and made application for the enrollment of her children, Mary E., born October 12, 1870; Margaret, born December 28th, 1871; John H., born January 15, 1873; Geneva, born February 28, 1875; Nancy, born September 30, 1876; James A., born April 9, 1878; Nathaniel, born May 10, 1880; Annanias A., born December 28, 1881; Naoma, born April 16, 1884; Leola, born January 22, 1888; Bertie, born March 7, 1893, as citizens of the Creek Nation; that on July 16, 1902, further testimony was heard by the commission, at its office in Muskogee, Indian Territory, and permission given to include the names of Thomas Atkins, child of said Sarah Atkins, inadvertently omitted in the application of August 25, 1899, and the name of Susie Atkins Taborn, daughter of Nancy Atkins Taborn, born prior to the time of the making of the original application herein, and Albert Taborn, born to said Nancy Atkins Taborn since the original application herein was made; and that on July 21, 1902, at

Okmulgee, Indian Territory, further testimony was heard relative to this application.

"It also appears that the father of said children of said Sarah Atkins was Richard Atkins, now deceased, who was recognized as a citizen by blood of the Creek Nation, by act of Council of the Creek Nation, approved October 21, 1890; that said Sarah Atkins is not a citizen of the Creek Nation, and that she and her children were residents of the State of Missouri at the time the said Richard Atkins was declared to be a citizen of the Creek Nation, as aforesaid, and that they did not remove therefrom until some time subsequent thereto.

"It also appears, from an examination of the rolls and records of the Creek Nation now in the possession of the commission, that the names of 'Mary Atkins,' 'Margaret Atkins,' 'John Atkins,' 'Geneva Atkins,' and 'Nancy Atkins,' identified by the commission as Mary E. Wilson, Margaret Atkins Parks, John H. Atkins, Geneva Atkins Winn, and Nancy Atkins Taborn, respectively, applicants herein, are found upon the 1890 authenticated Creek tribal roll, Arkansas Town; that the names of 'Mary Atkins,' 'John Atkins,' 'General Atkins,' and 'Nancy Atkins,' 'Alec,' 'Tim,' and 'Annie,' identified by the commission as Mary E. Wilson, John H. Atkins, Geneva Atkins Winn, Nancy Atkins Taborn, James A. Atkins, Thomas Atkins and Annanias A. Atkins, respectively applicants herein, appear upon the list of persons reported stricken from the Creek tribal rolls by the act of the council approved May 15, 1895; and that the report of said committee was approved June 7, 1895; and that the names of 'Alexander Atkins,' 'Nathaniel Atkins,' 'Thomas Atkins,' 'Viola Atkins,' 'Bertha Atkins,' 'Henry Atkins,' 'Annias Atkins,' 'Lonnie Atkins,' identified by the commission as James A. Atkins, Nathaniel Atkins, Thomas Atkins, Leola Atkins, Bertie Atkins, John H. Atkins, Annanias Atkins and Naoma Atkins, respectively, applicants herein appear upon the 1895 omitted roll, Arkansas Town, approved by the Creek National Council December 4, 1895.

"It also appears from further examination of the rolls and records of the Creek Nation, now in the possession of the commission, that subsequent to said June 7, 1895, the said Mary E. Wilson, Geneva Atkins Winn and Nancy Atkins Taborn, were not admitted to citizenship by the Creek tribal authorities, nor by the Commission to the Five Civilized Tribes, nor by the United States court in Indian Territory, on appeal, in accordance with the provisions of the act of Congress approved June 10, 1896 (29 Stat. 321).

"It further appears from the record herein that said Thomas Atkins died prior to April 1, 1899; that Susie Atkins Taborn was born to said Nancy Atkins Taborn some time during the year 1896, and that said Albert Taborn was born to said Nancy Atkins Taborn December 19, 1901.

"It is therefore the opinion of this commission that the said Mary E. Wilson, Geneva Atkins Winn, Thomas Atkins, Nancy Atkins Taborn, and her two children, Susie Atkins Taborn and Albert Taborn, are not citizens of the Creek Nation, entitled to enrollment, and that the application for their enrollment should be denied; that the said Margaret Atkins Parks, John H. Atkins, James A. Atkins, Nathaniel Atkins, Annanias A. Atkins, Naoma Atkins, Leola Atkins and Bertie Atkins, are recognized citizens of the Creek Nation, and that the application for their enrollment should be granted, and it is so ordered.

"COMMISSION TO THE FIVE CIVILIZED TRIBES.
"[Signed]          TAMS BIXBY, *Acting Chairman.*
"T. B. NEEDLES, *Commissioner.*
"C. R. BRECKENRIDGE, *Commissioner.*

"Dated at Muskogee, Indian Territory, this 13th day of November, 1902.

"Department of the Interior,

"Commissioner to the Five Civilized Tribes.

"Muskogee, Oklahoma, May 24, 1913.

"This is to certify that I am the officer having custody of the records pertaining to the enrollment of the members of the Choctaw, Chickasaw, Cherokee, Creek and Seminole Tribes of Indians, and the disposition of the lands of said tribes, and that the above and foregoing is a true and correct copy of a decision rendered on November 13, 1902, by the Commission to the Five Civilized Tribes, in the matter of the application of Sarah Atkins for the enrollment of Mary E. Wilson *et al.* as citizens of the Creek Nation.                    J. G. WRIGHT,
*"Commissioner to the Five Civilized Tribes."*

Charles E. Cover, defendant, then offered in evidence a certified copy of the testimony of Sarah Atkins, the mother of Leola Atkins, who is plaintiff in this cause, taken before the Commission to the Five Civilized Tribes at Muskogee, August 26, 1899, which the court excluded; to which action of the court the defendants duly excepted. The material parts of said evidence of Sarah Atkins, so far as the issue herein involved, shown by said transcript, are that she was the wife of Richard Atkins, who was dead; that plaintiff herein is the daughter of said Richard Atkins and Sarah Atkins; that plaintiff was born on the 22d day of January, 1888, as shown by the list she had, which was copied from her family Bible, in which the dates of the birth of her several children were entered at the time they were born.

It was stipulated between the parties:

"That the lease made on the 28th day of April, 1908, and attached to plaintiff's petition as an exhibit, and purporting to have been signed by Leola Atkins and Charles L. Phillips, was made and executed as purported, and that

the same was filed for record April 28, 1908, in the office of the register of deeds. That the real estate mortgage, Leola Scott, *nee* Atkins, to Charles E. Cover, attached to plaintiff's petition marked 'Exhibit B,' purporting to have been signed on the 5th day of August, 1908, by Leola Scott and Thomas Scott, was made and executed by them as purported, and filed for record in the register of deeds' office of Okmulgee county, as purported in said exhibit. That the deed purporting to convey a sale of mineral rights to one W. D. Cornelius, dated the 3d day of October, 1908, was made and executed by Leola Scott, the plaintiff herein, as purported; and that the same was filed for record on October 27, 1908, in the office of the register of deeds of Okmulgee county, as purports in said 'Exhibit D,' attached to plaintiff's petition. That the warranty deed, attached to plaintiff's petition, marked 'Exhibit G,' dated the 9th day of January, 1908, and signed by Leola Scott and Thomas B. Scott, was made and executed and delivered on the date therein purported, and that the same was filed for record in the office of the register of deeds of Okmulgee county on the 5th day of February, 1909, as recorded in Book D18A, at page 546, as purported in said exhibit. That the quitclaim deed attached to plaintiff's petition, marked 'Exhibit G,' dated the 23d day of January, 1909, Charles L. Phillips to C. E. Cover, was made and executed by Charles L. Phillips, and the same was filed in the office of the register of deeds on the 25th day of January, 1909. That the quitclaim deed marked 'Exhibit H,' attached to plaintiff's petition, purporting to have been made and executed by W. D. Cornelius and Minnie E. Cornelius to C. E. Cover, was made and executed and delivered on the date purported, and filed for record on the 21st day of April, 1910, in the office of the register of deeds of Okmulgee county, and recorded in Book D28A, at page 613 of said office, as purports in said exhibit."

Defendants also introduced evidence showing the various payments to said plaintiff. The court found for defendants and taxed plaintiff with costs. Plaintiff filed

her motion for new trial, which was overruled and exceptions saved, and this appeal perfected.

There is but one question involved in this controversy, and argued in the briefs, which is: Was plaintiff, Leola Scott, *nee* Atkins, 18 years of age at the time she executed the several conveyances hereinbefore described?

We are of the opinion that the court did not err in admitting in evidence the record of the proceedings taken by the Commission to the Five Civilized Tribes in regard to the enrollment of the children of Richard Atkins and Sarah Atkins, father and mother of plaintiff. By act of Congress approved May 27, 1908, the character of proof as to the age of an allottee of the Five Civilized Tribes, the records and matters relating to their enrollment, occurring since said act took effect, is fixed; and in said act it is provided that the enrollment records as to the age of an allottee of the Five Civilized Tribes are conclusive.

In *Scott v. Brakel et al.,* 43 Okla. 655, 143 Pac. 510, it is held:

"The 'enrollment records of the Commissioners to the Five Civilized Tribes' which section 3 of the act of Congress approved May 27, 1908 (35 Stat. 312, c. 199), declares 'shall hereafter be conclusive evidence as to the age' of any enrolled citizen or freedman of said tribes, embraces and includes all of the testimony and exhibits tending to establish age that were in evidence before the commission and the conclusions of the commission, based thereon, from the date of the application for enrollment of any particular allottee up to the time of the ascertainment by the commission as to whether the name of such allottee was entitled to be placed upon the roll of the nation in which he claimed citizenship."

See, also, *Campbell v. McSpadden et al.,* 44 Okla. 138, 143 Pac. 1138; *Gilbert v. Brown,* 44 Okla. 194, 144 Pac.

359; *Duncan v. Byars et al.,* 44 Okla. 538, 144 Pac. 1053; *Cornelius v. Yarbrough,* 44 Okla. 357, 144 Pac. 1030; *Diamond et al. v. Perry,* 46 Okla. 16, 148 Pac. 88.

We are of the opinion that the court erred in excluding the duly certified transcript of the evidence of Sarah Atkins, mother of plaintiff, taken before the Commission to the Five Civilized Tribes upon the application for the enrollment of plaintiff and other children of said Sarah Atkins. The fact that Sarah Atkins testified from a list as to the ages of her children, and that said list was procured from her family Bible, in which the dates of the respective births of her children were entered, may be subject to objection as being secondary evidence, so far as this particular source of her information is concerned; but it in no wise affects her positive evidence as to the date of the birth of plaintiff. In other words, where evidence is positive, the Bible from which the list was made may be entirely ignored, and it in no wise affects positive testimony as to the age of plaintiff.

This being a case of purely equitable cognizance, where it appears that the trial court refused to admit competent documentary evidence properly offered—the evidence of the mother, taken before the Commission to the Five Civilized Tribes on her application for enrollment of her children, including plaintiff, and brought here by the record—this court has power to consider the entire record, including the evidence improperly excluded, weigh the evidence, affirm the judgment, or render such judgment as the trial court should have rendered. *Success Realty Co. v. Trowbridge,* 50 Okla. 402, 150 Pac. 898; *Shock v. Fish,* 45 Okla. 12, 144 Pac. 584; *Wimberly v. Winstock,* 46 Okla. 645, 149 Pac. 238; *Tucker v. Thraves,*

Scott v. Cover et al.

50 Okla. 691, 151 Pac. 598; *Goodrick et al. v. Harrison et al.,* 130 Mo. 263, 32 S. W. 661.

The whole evidence offered by plaintiff to establish her age at the time she, and she and her husband, executed said conveyances is a certified copy of the enrollment card, which is not certified to be all of the enrollment records, and this is not conclusive as to her age, and would only be so conclusive, had said card "been all the records which the commission made in regard to her allotment, and been so certified by the proper officer," which is not the fact in the instant case. *Duncan v. Byars et al., supra.*

Carefully weighing the evidence as shown by the entire record, and applying the rule as fixed by said act of Congress approved May 27, 1908, we are of the opinion that it clearly appears that plaintiff was 18 years of age at the time she executed the conveyances from which she seeks release.

The lease made on the 28th day of April, 1908, and the warranty deed dated January 9, 1908 (described in agreement of parties), having been executed prior to the passage of the act of Congress approved May 27, 1908, *supra,* the rule of evidence as to the enrollment records being conclusive as to age does not apply; but the weight of the evidence clearly points to the fact that plaintiff was 18 years of age at the time of the execution of said lease and said deed. *Freeman v. First Nat. Bank,* 44 Okla. 146, 143 Pac. 1165. The only ground alleged by plaintiff for the cancellation of said lease and said deed is that she was not of legal age at the time she executed the same, and this placed upon her the burden of proving her want of legal age, which burden she has not discharged by a preponderance of the evidence.

In *Freeman v. First Nat. Bank, supra,* it is held:

"Where an Indian allottee brings an action to cancel certain deeds and mortgages affecting his allotment, on the ground that he was an infant when the same were executed, he thereby assumes the burden of proof in establishing the fact of his infancy."

We are of the opinion that the court did not err in rendering the judgment rendered, and in refusing to grant a new trial. This cause should be affirmed.

By the Court: It is so ordered.