## WINSOR v. WILKINSON et al.. ·

No. 13699—Opinion Filed March 25, 1924.

### 1. Indians—Evidence of Age of Allottees— "Enrollment Records."

The "enrollment records of the Commissioners to the Five Civilized Tribes," which section 3 of the act of Congress approved May 27, 1908 (35 St. at L. 312, c. 199), declares "shall hereafter be conclusive evidence as to the age" of any enrolled citizen or freedman of said tribes, embrace and include all of the testimony. and exhibits tending to establish age that were in evidence before the commission and the conclusions. of the commission based thereon, from the date of the application for enrollment of any particular allottee up to the time of the ascertainment by the commission as to whether the. name of such allottee was entitled to be placed upon the roll of the nation, in which he claimed citizenship.

### 2. Same.

The entire enrollment record, and not any particular part thereof, is, by the act of Congress of May 27, 1908, made conclusive as to age in determining questions arising under the act.

### 3. Same—Evidence Rule Applied.

The enrollment records of the Commission to the Five Civilized Tribes, pertaining to the age of Cicero Crittenden, a Cherokee Indian, examined, and held, that on September 5, 1919, he was, according thereto, over the age of twenty-one years.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County: J. R. Charlton, Judge.

Action by Harry Winsor against Hugh Wilkinson, Sam F Wilkinson, the Puritan Oil Company, and the Prairie Oil & Gas Company, for recovery of title to real estate and for cancellation of deed and oil and gas lease, to quiet title in plaintiff, and for recovery of oil and gas royalty. Judgment for defendants Hugh Wilkinson and Sam Wilkinson. Plaintiff brings error. Affirmed.

E. B. Arnold and Horton & Horton, for plaintiff in error.

Rowland & Talbott for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of

Washington county by Harry Winsor, plaintiff in error, plaintiff below, against Hugh Wilkinson, Sam F. Wilkinson, the Puritan Oil Company, and the Prairie Oil & Gas Company, defendants in error, defendants below, for judgment for title to the east half of the southeast quarter, section two, township 27, north, range 13 east, for the cancellation of deed and oil and gas leases, to quiet title to said lands in plaintiff, and for a one-eighth interest in the oil and gas from the 1st day of January, 1920.

The parties to this action will be referred to as plaintiff and defendants, as they appeared in the lower court.

Plaintiff's action was to declare title and to quiet title in him to the above described land, and in his petition he alleged, in substance, that he bought the property from Cicero Crittenden, a Cherokee citizen of one-eighth degree of Cherokee blood and duly enrolled as such; that on the 31st day of December, 1919, Cicero Crittenden and his wife executed and delivered to him their warranty deed to said property; that Hugh Wilkinson and Sam F. Wilkinson claimed some right, title, and interest in said property, which claim of title constitutes a cloud upon his title. He attached to his petition a copy of the allotment deed and a copy of the warranty deed from Cicero Crittenden and wife to him, and copies of the deeds of defendants.

The defendants Hugh Wilkinson and Sam F. Wilkinson answered by way of general denial and cross-petition, in which they allege title, right, and ownership to the property by virtue of a warranty deed, executed by Cicero Crittenden and wife, dated September 5, 1919, to Sam F. Wilkinson, who conveyed an undivided one-half interest by warranty deed to defendant Hugh Wilkinson on the 28th day of November, 1919; that the warranty deed which plaintiff claims was executed on the 31st day of December, 1919, was void because the said Cicero Crittenden and wife had, prior to said date, conveyed all their right, title, and interest to the defendant Sam F. Wilkinson, and that they had been in possession of the same since the date of their deed; that before the time of the execution of the deed to Sam F. Wilkinson by Cicero Crittenden and wife, on September 5, 1919, according to the enrollment records of the Five Civilized Tribes, Cicero Crittenden had arrived at his majority, being on said date over 21 years of age, and his restrictions upon alienation had been removed by operation of an Act of Congress, approved May 27, 1908, and asked for judgment in their behalf, declaring the legal and equitable title to be in

them and removing the cloud upon their title and quieting title in them.

Plaintiff filed reply, denying these defendants' title, denying that Cicero Crittenden had arrived at his majority before the 5th of September, 1919, or at the time of the making of the deed, and that the defendants' title was void because it was executed during the minority of said Cicero Crittenden, and alleging that December 31, 1919, was the date he arrived at 21 years of age, thus defining the issues in this case to be solely and only the question whether at the time of execution of the deed by Cicero Crittenden and wife to the answering defendants he had been relieved of the disability of minority, as shown by the enrollment records of the Five Civilized Tribes.

By stipulation all issues in the case as to the oil companies, were postponed, pending the judgment of the court in the contest between the plaintiff and the above answering defendants.

The case was tried to the court by agreement, without the intervention of a jury.

At the close of the evidence on part of the plaintiff, Hugh Wilkinson and Sam F. Wilkinson demurred to the sufficiency of the evidence to prove plaintiff's claim, which demurrer was by the court sustained and exception reserved by plaintiff, and the defendants Hugh Wilkinson and Sam F. Wilkinson introduced evidence in support of their cross-petition, and, at the close of all the testimony, the court found the issues in favor of the defendant Hugh Wilkinson and Sam F. Wilkinson upon their cross-petition, that they were the owners of both the legal and equitable title in the land in dispute, and that the deed, executed to the plaintiff on December 31, 1919, be set aside and cancelled as a cloud upon the title of the defendants Hugh Wilkinson and Sam F. Wilkinson; that plaintiff take nothing by reason of his action herein. Exceptions were reserved by the plaintiff to said findings; motion for new trial was filed, heard, and overruled; exceptions reserved; and the cause comes to this court regularly on appeal by plaintiff for review.

The attorneys for plaintiff present this appeal upon the following statement:

"The sole question which arises in this case, so far as this appeal is concerned, is whether or not Cicero Crittenden was twenty-one years old on the 5th day of September, 1919; that being the contention of the defendants in the lower court, and being the holding of the court."

Both parties claim title through a com-

mon grantor, Cicero Crittenden, who was a duly enrolled Cherokee Indian of one-eighth degree of Indian blood, on the approved rolls of the Cherokee Tribe, and under Act of Congress of May 27, 1908, which provides:

"The enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman."

It is contended by the plaintiff that the enrollment records show that Cicero Crittenden did not arrive at the age of 21 years until the 31st day of December, 1919, and his attorneys, in their brief, rely exclusively upon the birth affidavit of the mother and mid-wife to sustain this contention.

The defendants contend that Cicero Crittenden was over 21 years of age on the 5th day of September, 1919, the date he made and executed a warranty deed to the land in dispute to Sam F. Wilkinson, and defendants' attorneys, in their brief, rely upon the enrollment record of the evidence of James Crittenden, the father of Cicero Crittenden, who gave his testimony to the Commission to the Five Civilized Tribes on the 27th day of July, 1900, at the time he applied to the Commission to the Five Civilized Tribes for enrollment of himself and family as citizens of the Cherokee Nation, and upon the census card and the final citizenship card, and the final enrollment, the last card showing the age of Cicero Crittenden as of September 1, 1902, and the birth affidavit of Maggie M. Crittenden, who is next in age in the family to Cicero Crittenden.

Taking the enrollment records in chronological order, we find that the testimony of James Crittenden, the father of Cicero, given before the Commission to the Five Civilized Tribes, at Stilwell, I. T., July 27, 1900, as far as it relates to this lawsuit, is as follows:

"Q. Give me your children that are unmarried and under age. The others will have to apply for themselves.

"A. Riley, eleven years old. Elsie, nine years old, Maudie B., six years old, Cicero, three years old. Maggie M., fourteen months old.

"Q. Mr. Crittenden, you hand here a duly authenticated certificate of the birth of your child, Maggie M. Crittenden, born the 5th day of May, 1899, and that will be filed with your present application. You hand here also a certificate of the birth of your child, on the 31st day of December, 1898, Cicero Crittenden, but there is not an affidavit in the place provided for the midwife's affidavit."

The enrollment card of the same date, made by the commission, shows Cicero Crittenden, age 3, Maggie M. Crittenden, age 14 months. The field card shows the same ages of the same two persons of the same date. The birth affidavits, signed by the mother and the mid-wife of Cicero Crittenden, give the date of the birth of the said Cicero Crittenden as the 31st day of December, 1898, which were filed on the 14th day of August, 1900, and the birth affidavit of Maggie M. Crittenden as the 5th day of May, 1899. The final enrollment card gives the ages as of September 1, 1902, as follows: Cicero Crittenden, age 5, Maggie M. Crittenden, age 3. Said enrollment card is the final record of the Dawes Commission, from which the approved rolls of the citizens of the Cherokee Tribe were made.

If the birth affidavits of the mother and mid-wife stood alone and were controlling in this case, it follows as a matter of mathematical calculation, that Cicero Crittenden was 21 years of age on the 31st day of December, 1919, as the date of birth given in said affidavits was December 31, 1898, and, if you take the birth affidavits of the mother and midwife as to the date of the birth of Maggie M. Crittenden, the next child in the enrollment record of this family, she was born on the 5th day of May, 1899, four months and five days from the date of the birth of Cicero Crittenden.

If you take the testimony of James Crittenden, the father, given at the time he applied for enrollment of himself and family on July 27, 1900, Cicero Crittenden was three years old and Maggie M. Crittenden was fourteen months old and this is his positive testimony. The commission, having all this testimony before it, in its enrollment record, made of the date of the application, on its field card, entered the name of Cicero Crittenden as three years of age on the 27th day of July, 1900, and Maggie M. Crittenden as of the age of 14 months on that date, and on all of its enrollment records we find these two children of this family enrolled as of the ages of three years and 14 months, respectively, until the final enrollment card, from which the final rolls were made. Cicero Crittenden was there entered as five years of age and Maggie M. Crittenden as three years of age, which last mentioned card gives the ages of these children of this family as of the date of September 1, 1902.

The attorneys for both parties in this action, in their briefs, say that the court will construe and take the entire enrollment

record and evidence, which was taken before the Commission to the Five Civilized Tribes, and from that determine what the ages of the allottees really were at that time, and both quote from the case of Scott v. Cover et al., 56 Okla. 159, 155 Pac. 889, which is as follows:

"We are of the opinion that the court did not err in admitting in evidence the record of the proceedings taken by the Commission to the Five Civilized Tribes in regard to the enrollment of the children of Richard Atkins and Sarah Atkins, father and mother of plaintiff. By act of Congress approved May 27, 1908, the character of proof as to the age of an allottee of the Five Civilized Tribes, the records and matters relating to their enrollment, occurring since said act took effect, is fixed; and in said act it is provided that the enrollment records as to the age of an allottee of the Five Civilized Tribes are conclusive."

We recognize that the findings of the commission, as shown by the census card and final enrollment card, are not conclusive of the age of the enrolled citizen, for in the case of Perryman v. Sharp et al., 71 Oklahoma, 176 Pac. 536, this court said:

"While the conclusion of the commission is a part of the enrollment record, and should at all times be given very great weight as such, yet where, as in this case, that conclusion is palpably erroneous, the purpose of Congress in enacting this legislation and the ends of justice must not be defeated by allowing that conclusion to overcome the fact otherwise appearing from the entire record."

We are of the opinion that where different parts of the enrollment record are in conflict, the whole record of the enrollment of that family must be considered in arriving at the truth of the exact age of the Indian citizen, whose age is in controversy, and, as said in the case of Davis v. Thompson, 72 Oklahoma, 177 Pac. 67, it must be resumed:

"That the applicant and his witnesses testified correctly, under oath, at the hearing, as to ages, sex, relationship, etc., of the applicants, and it seems to us that it is more probable that the ages were given correctly in this examination than in the formal application for enrollment."

Construing the entire enrollment record, introduced in this case, it is manifestly clear that the two birth affidavits of the mother and mid-wives as to the exact dates of the births of these two children, Cicero and Maggie M., are in hopeless conflict and cannot be reconciled in the very nature of things, and neither of which can have any probative force in the decision of this case,

except in the light of the other parts of the enrollment records. We cannot harmonize these two dates of birth of these two children, for it is contrary to nature and human experience. The period of gestation for a human being is approximately nine months and it is practically impossible for the same mother to give birth to two children within four months and five days of each other, unless they are twins, but we can reconcile the positive statement of the father and the findings of the commission, with the natural order of things, that Cicero Crittenden was born on the 31st day of December, 1896, with the testimony of the father that he was three years old on July 27, 1900, when he appeared before the commission and testified when he applied for the enrollment of these children, with the further testimony of the father that at that time Maggie M. Crittendon was 14 months old, and this testimony is borne out by the birth affidavit of the mother and mid-wife as to Maggie M. Crittenden, where they fix the date of her birth as May 5, 1899, and, by mathematical calculation, she was exactly 14 months and 22 days old at the time her father gave his testimony, so we must conclude from the above statement that the natural inference to be drawn from the evidence, introduced upon the proposition of the age of these two children, that the mistake of the mother and mid-wife was made in the birth affidavit of Cicero Crittenden and not in the birth affidavit of Maggie M. Crittenden. The commission did not fix an arbitrary birthday on the dates given, but the effect of such testimony is that the enrolled Indian was of the age stated, at the time, or at a date within one year next preceding the dates given. Then, if Cicero Crittenden were three years old on July 27, 1900, as testified to by his father, by all of the decisions of our court, he was over 21 years of age on, or prior to, the 27th day of July, 1919, and was of full age on the 5th day of September, 1919, at the date the deed was made by himself and wife to Sam F. Wilkinson, and under Act of Congress of May 27, 1908, there was no restriction existing on alienation of his land at that time, and the deed, by which he conveyed his land to Sam F. Wilkinson, of September 5, 1919, assigned a good and valid title.

The rule to be applied here is, that where there is any evidence reasonably tending to support the verdict of the jury, or the judgment of the court, in a law action, such as this, this court will not disturb said finding. If either the law rule or the equity rule applies here, we are of the opinion that the

judgment of the trial court in this action is clearly within both rules, in that it is reasonably supported by the testimony in this case and that the said judgment of the court is not clearly against the weight of the evidence, and that the same should be and is hereby affirmed.

By the Court: It is so ordered.