## KILLAM et al. v. GRITTS.

No. 13066—Opinion Filed April 8, 1924.

**Appeal and Error—Review—Evidence—Sufficiency to Support Finding and Judgment.**

In a case of equitable cognizance, where defendant offered no evidence and the court made a general finding in favor of plaintiff, on review in this court upon the single proposition that the evidence is insufficient to sustain the judgment, such judgment will be affirmed where the evidence preserved in the record reasonably supports the general finding.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Wutie Gritts against O. W. Killam et al. to cancel a certain deed as a cloud upon her title to certain lands. Judgment for plaintiff, and defendants bring error. Affirmed.

This action was commenced in the district court of Nowata county, December 17, 1920, by Wutie Gritts filing her petition therein wherein she alleged, in substance, that she is the legal owner in fee simple of certain lands therein described, having acquired title to the same through warranty deed executed November 19, 1920, by one Ethel Mounce, nee Welch, and Willie Mounce, her husband, the said Ethel Mounce being the original allottee of said land by virtue of her membership in the Cherokee Tribe or Nation of Indians; that O. K. Killam is the holder of a pretended deed from the said Ethel Mounce and Willie Mounce covering the same lands executed on September 23, 1919, but that said deed of said Killam is void and of no force and effect for the reason that at the date of the execution thereof the allottee, Ethel Mounce, was a minor; that said deed constitutes a cloud upon her title and she prayed for judgment canceling the last mentioned deed and quieting her title in and to the premises described. The action was thereafter dismissed as to the other defendants and proceeded to judgment against O. W. Killam alone.

Defendant O. W. Killam answered by general denial.

Thereafter the case came on for trial December 14, 1921, before the court without a jury, and resulted in a judgment canceling of record the purported deed of O. W. Killam as a cloud upon the title of plaintiff and quieting plaintiff's title to the lands described. After unsuccessful motion for new trial, the case has been brought to this court by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Langley & Langley, for plaintiffs in error.

Lewis & Wortman, for defendant in error.

Opinion by LOGSDON, C. Four errors are assigned but only one proposition is discussed in the briefs, and that is whether the evidence was sufficient to establish the minority of the allottee on September 23, 1919, the date of the deed from the allottee to the defendant.

Plaintiff, having alleged the minority of the allottee at the date of the execution of the deed which she sought to have canceled, the burden rested upon her to establish such fact. Freeman v. First Nat. Bank, 44 Okla. 146, 143 Pac. 1165; Rice v. Ruble, 39 Okla. 51, 134 Pac. 49.

To sustain the burden thus resting upon her, plaintiff offered in evidence the census card of the allottee, Ethel Welch, which discloses that application for her enrollment was made July 18, 1902, and that at

the date of such application she was of the age of four months. In addition to the census card plaintiff offered in evidence the birth affidavit made in connection with the application for enrollment of Ethel Welch. This affidavit was made by the mother May 13, 1902, and shows that Ethel Welch was born January 20, 1902.

Defendant's contention against the sufficiency of this evidence is thus stated on page 5 of his brief:

"Neither of the certificates covering these two pieces of evidence undertakes to say that they constitute a copy of the enrollment records of the Commissioner of the Five Civilized Tribes pertaining to the enrollment of this allottee. The trial court should have held plaintiff's testimony insufficient to establish the age of the allottee."

No evidence was offered by the defendant upon the trial of this case, so that the evidence of the plaintiff stands uncontradicted in the record. That this evidence was competent and entirely sufficient for the purpose for which it was introduced is settled by numerous decisions of this court. Hutchinson v. Brown, 66 Okla. 250, 167 Pac. 624; Hefner v. Harmon, 60 Okla. 153, 159 Pac. 650; Hart v. West, 62 Okla. 71, 161 Pac. 534; Jackson v. Lair, 48 Okla. 269, 150 Pac. 162.

Since this is the only question presented and argued in this court, and the evidence being amply sufficient to sustain the finding and judgment of the trial court, such judgment should be in all things affirmed.

By the Court: It is so ordered.