William D. WASSON and Wally F. Wasson, Plaintiffs in Error,

v.

Bess E. WILSON, Defendant in Error.

No. 37592.

Supreme Court of Oklahoma.

Feb. 17, 1959.

Rehearing Denied March 24, 1959.

Rucker, Tabor & Cox, Dennis J. Downing, Tulsa, for plaintiffs in error.

F. Paul Thieman, Jr., Tulsa, for defendant in error.

WELCH, Justice.

William D. Wasson and Wally F. Wasson appeal from a judgment of the district court of Tulsa County rendered in favor of Bess E. Wilson, finding that the defendants, William D. Wasson and Wally F. Wasson, were in default, and foreclosing two mortgages.

The property in dispute is a dwelling house of which the defendants are the record owners. The plaintiff was the former owner, and on March 25, 1953, by general warranty deed conveyed to the defendants,

who assumed a first mortgage and executed their note in the amount of $6,985.33, secured by a second mortgage in favor of plaintiff; the second note provided for monthly payments of $40 which was to be paid by allotment checks made to the plaintiff from the defendants' military income.

The defendant wife lived in the house with the plaintiff during the time that her husband, the other defendant, was in military service, after they had become record owners on March 25, 1953, until September, 1954.

The plaintiff made several payments on the note to the holder of the first mortgage. On January 19, 1955, plaintiff informed holder of the first mortgage that she was the holder of a second mortgage which was in default and took an assignment of their note and mortgage. However, according to the testimony of plaintiff, the defendants have never failed to forward payments to her on note secured by second mortgage.

In their answer and cross-petition the defendants requested an accounting which was had by the court. It was found by the court that the reasonable rental value of premises was $65 per month. The accounting showed when defendants were credited with the occupational value of $65 per month for time mortgagee had been in possession and occupying the premises, the total would exceed the amount claimed as expenses in upkeep, taxes, and delinquent payments in the sum of $52.96.

It is argued by the defendants that the accounting and order of the court in the hearing on the accounting revealed that the defendants were not in default on mortgages. However, it is apparent that the court made the order in accounting for the purpose of determining the amount which should be allowed the defendants as credit upon the total amount due on notes. The accounting filed with the court up to the date of the filing of suit and the amount approved by the court was $987.04; the amount allowed as reasonable rental value

and credited to defendants was $65 per month.

In order for the court to determine whether defendants were in default at time plaintiff filed this action it was necessary for it to determine the period of time the mortgagee had been in possession prior to the time of said filing. It appears from the record that the plaintiff came into possession in September, 1954, at the time defendants moved from the said premises. The record reveals this action was filed February 21, 1955, therefore the period would have amounted to approximately five months, and defendants would be entitled to credit in the sum of $325 as of the date of filing. The defendants did not offer any evidence other than as to the rental value of the property, and there is no argument presented in the brief of defendant as to this issue.

In the case of Killam v. Gritts, 98 Okl. 263, 225 P. 357, this court held:

"In a case of equitable cognizance where defendant offered no evidence and the court made a general finding in favor of plaintiff, on review in this court upon the single proposition that the evidence is insufficient to sustain the judgment, such judgment will be affirmed where the evidence presented in the record reasonably supports the general finding."

In the case of Reynolds v. Reynolds, 148 Okl. 13, 296 P. 962, this court held:

"In an equitable action, this court will not disturb the findings and judgment of the trial court on review, unless said findings and judgment are clearly against the weight of the evidence."

Since the only question presented for this court to consider is whether the trial court erred in ruling that defendants' notes and mortgages were in default, this being a case of equitable cognizance, and the defendants having failed to introduce

any evidence on this question, we are of the opinion, and so hold, that the evidence in the record reasonably supports the general finding of the trial court.

Therefore the judgment is affirmed.