# RICE v. RUBLE.

## No. 2741.  Opinion Filed July 22, 1913.

### (134 Pac. 49.)

1. **INDIANS—Allotment Records—Conclusiveness.**  The act of Congress of May 27, 1908 (35 St. at L. 312, c. 199), making "the enrollment records" conclusive evidence as to the age of an allottee, does not retroact so as to control in cases where the deed was passed and the transaction fully executed prior to its passage.

2. **INFANTS—Disaffirmance of Deed—Burden of Proof.**  Where a grantor of land seeks to disaffirm her deed and recover the land on the ground that she was a minor when it was executed, she has the burden of proving minority as alleged.

3. **APPEAL AND ERROR—Review—Sufficiency of Evidence.**  On the question of whether plaintiff was a minor at the date she executed a deed to the land in suit, the jury decided against her; and, there being some evidence reasonably tending to show that she was of full age when the deed was executed, the verdict of the jury will not be disturbed.

(Syllabus by Brewer, C.).

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Birtanna Rice, *nee* Tolliver, against George W. Ruble.  Judgment for defendant, and plaintiff brings error.  Affirmed.

*N. B. Maxey, J. B. Campbell,* and *Wm. O. Beall,* for plaintiff in error.

*Chas. G. Watts,* for defendant in error.

Opinion by BREWER, C.  On January 2, 1908, Birtanna Rice, *nee* Tolliver, a Creek freedman, sold to G. W. Ruble the following lands:  The S. W. ¼ of the N. E. ¼ and lots 1 and 2 of section 4, township 17 N., R. 17 east, in Wagoner county, Okla.  These lands were allotted to her as "surplus" allotment, that is, lands other than homestead.  The grantee paid for the lands the admitted full value, and paid it as he agreed to do,

went into possession, and claims to have improved the same. On the 28th of October, 1910, the allottee brought this suit in ejectment for possession of the lands and for damages. The defendant, Ruble, answered, setting up his deed from plaintiff, to which plaintiff replied with a plea of minority at the time the deed was executed. Thus the only issue presented was that of whether the plaintiff was eighteen years of age at the date she deeded the land to defendant. The court refused to hold that the enrollment records afforded conclusive proof as to the age of the allottee, and, with this idea in view, refused to admit in evidence a certified copy of the record of the Dawes Commission on that point. It seems to have been plaintiff's contention at the trial, and is here, that such records ought to have been admitted and treated as conclusive. No point is made that they should have been admitted and considered along with other proof not found in such records. The contention of plaintiff is based on section 3 of act of Congress passed May 27, 1908 (35 St. at L. 312, c. 199), which reads:

"That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other persons, to determine questions arising under this act and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman."

The conveyance attacked having been fully executed, and the rights of the parties fixed, prior to the passage of the act relied upon, its provisions do not retroact so as to govern the question of the age of the allottee in this case. This has been held in *Williams et al. v. Joins et al.*, 34 Okla. 733, 126 Pac. 1013, and the reasons therein given seem to be sound.

While, as has been stated, it is not required that we here decide whether the enrollment records, or a certified copy thereof, would, in such a case as this, be admissible in evidence at all to be considered with other proof, yet it is not amiss, we think, to say that its admissibility, in such cases as this, on the question of age is very doubtful, under the doctrine of *Hegler v.*

*Faulkner et al.,* 153 U. S. 109, 14 Sup. Ct. 779, 38 L. Ed. 653, cited in *Scott v. McNeal,* 154 U. S. 41, 14 Sup. Ct. 1108, 38 L. Ed. 896.

The cause was submitted to the jury on the proof, and a verdict was returned in favor of defendant. The question of the age of the allottee at the time she made the deed being the only issue, it follows that the jury found as a fact that she was of full age when she conveyed. If there was any evidence upon which to base the finding, it will not be disturbed. The plaintiff relied upon her mother as to her age, and·at the trial her mother testified that she was not eighteen when she made the deed, and had before her and claimed .to base her testimony on a family Bible record. But her testimony and the entry in the Bible is not satisfactory nor convincing to us, and probably was not to the jury. In the first place the Bible only purported to contain the names and dates of birth of a part of the children. The name located as showing Birtanna's age was entered as Prizzly A. In explanation the witness said the A. stood for Birtanna. Then some name intended for Birtanna was interlined or written above. Besides, this same witness, the mother, had shortly after the execution of the deed and to enable her 'daughter to obtain the greater portion of the purchase price of the land made an affidavit that she had examined her family Bible record, and that the daughter was eighteen years of age when she executed the deed. The witness admits signing this affidavit, but says she did not understand its contents, yet her own lawyer was present, and prepared the affidavit, and other proof shows she did hear it read and understood it. These facts were all before the jury; also the affidavit of the plaintiff, who was not at this trial, that she was of full age when she conveyed was before the jury. Besides, there was testimony of the appearance and size of plaintiff, and that she appeared fully developed and a grown woman, and that for several years she had remained about the same size, and had been twice married, before the jury.

We take it conceded that the burden was on the plaintiff in attacking her own conveyance to show the fact of her minority when the deed was made. The evidence she introduced, as we

have seen, was not very convincing, and the jury, hearing both statements of the mother, one of which must have been false, and seeing her and her manner of testifying, and considering possibly the motives operating, simply did not believe her testimony at the trial.

We feel like observing that there is no appearance of "graft" in this case on the part of defendant. These affidavits were not taken when the land was bought to bolster title. They were taken after some question arose in the mind of defendant, and before he had parted with his money, and when he could have saved himself harmless. He agreed to pay all the land was worth, and actually paid it. There was sufficient evidence to justify the verdict. The case should be affirmed.

By the Court: It is so ordered.