### SHARSHONTAY v. HICKS et al.

No. 7525—Opinion Filed Dec. 5, 1916.

(166 Pac. 88.)

**1. Indians—Allotment—Census Card as Evidence.**

Where the census card of an allottee does not show within itself, and neither does the certificate made by the proper officer attached thereto show, that it constitutes the complete "enrollment record," it is not competent evidence for the purpose of proving the age of said allottee in an action involving a deed executed subsequent to the taking effect of Act Cong. May 27, 1908, ch. 199, sec. 3, 35 Stat. 312, 313, and the court did not err in excluding it.

**2. Infants—Actions—Burden of Proof.**

Where a grantor of land seeks to disaffirm his deed and recover the land on the ground that he was a minor when it was executed, he has the burden of proving minority as alleged.

**3. New Trial—Grounds—Newly Discovered Evidence — Cumulative Evidence — Probable Result.**

Newly discovered evidence merely cumulative is not sufficient grounds for a new trial, and a new trial will not be granted upon the ground of newly discovered evidence unless it is made to affirmatively appear that the new evidence would be sufficient to probably change the judgment.

(Syllabus by Brunson, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by Sharshontay, by his guardian, J. A. Jones, against Wilbur H. Hicks and another. Judgment for defendants, and plaintiff brings error. ·Affirmed.

Burke & Harrison, for plaintiff in error.

McDougal, Lytle & Allen and Pryor & Rockwood, for defendants in error.

Opinion by BRUNSON, C. This action was commenced on the 11th day of February, A. D. 1915, by Sharshontay, a full-blood Creek In-

dian, by his guardian, against Wilbur Hicks and Justin Hicks to cancel a certain deed dated March 19, 1910, to the real estate mentioned and described in the petition and located in Creek county, on the ground that said Sharshontay was a minor at the time he executed said deed. Said land was inherited by said Sharshontay from his father, who was also a full-blood Creek Indian. The question of the age of said Sharshontay at the time he so executed said deed is the sole question for our consideration. The trial was had before the court without a jury, and judgment was rendered in favor of the defendants·in error, and in due time a motion for a new trial was filed, overruled, exceptions saved, and the case is before us on appeal.

It is contended that the findings of fact and judgment of the trial court are not sustained by the evidence; that the trial court erred in excluding, over proper objections, certain competent and material evidence offered by plaintiff in error; and that the court admitted, over proper objections, certain incompetent and immaterial evidence.

A duly certified copy of the census card of said Sharshontay was offered in evidence by the plaintiff in error, and at the time it was offered it was stated to the court that it was offered for the purpose of proving the age of said Sharshontay. An objection was made that said census card was incompetent, irrelevant, and hearsay. The court sustained this objection and excluded the census card. It is contended that the court erred in excluding it, but with this contention we cannot agree. See Hegler v. Faulkner, 153 U. S. 109, 14 Sup. Ct. 779, 38 L. Ed. 653.

The Act of Congress of May 27, 1908, provides an arbitrary rule of evidence by which the age of citizens and freedmen of the Five Civilized Tribes may be conclusively established. Section 3 thereof provides:

"That * * * the- enrollment records

of the Commission to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of [any enrolled] citizen or freedman." 35 Stat. 313.

The "census card" does not show within itself, and neither does the certificate attached thereto, which was made by the proper officer, show that it constitutes the complete "enrollment record"; and unless it does show these facts it is not competent evidence for the purpose of proving the age of said Sharshontay, and the court did not err in excluding the same.

In the case of Scott v. Brakel, 43 Okla. 655, 143 Pac. 510, the court said:

"It is true that in many instances the census card consists of an entry of a summary of the evidence of the applicant at the time the application was made, whilst in other instances, where the testimony of the applicant was not taken down by a stenographer and subsequently transcribed, the entries consisted of the epitomized statements of the witness reduced to census-card form. In such cases the census card is of necessity the enrollment record; and, where the Commissioner to the Five Civilized Tribes certifies that the census card constitutes the entire enrollment record as to the person whose name appears thereon, that will be sufficient. There are many instances· where the census card constitutes substantially the complete enrollment record. In such cases, it is admissible as conclusive evidence as to age, not as a census card, but as 'the enrollment record,' when so certified by the proper officer."

Ordinarily, the burden of proof as to any particular fact rests upon the party asserting such fact. Jones on Evidence, 181.

The evidence in this case was conflicting and contradictory, and none of it was definite or certain as to the age of said Sharshontay. The enrollment records were not offered in evidence. There was some evidence tending to prove that the plaintiff was a minor at the time he executed said deed on the 19th day of March, 1910. There was also considerable evidence to the effect that he was of age on that date. The burden of proof was upon the plaintiff to establish the allegations of his petition by a preponderance of the evidence. The court said in his findings of fact that:

"It is not necessary for the court to say whether or not the testimony preponderates in favor of the defendant, but it is only necessary to say that the burden of proof has not been sustained."

In the case of Rice v. Ruble, 39 Okla. 51, 134 Pac. 49, the court said:

"Where a grantor of land seeks to disaffirm her deed and recover the land on the ground that she was a minor when it was executed, she has the burden of proving minority as alleged."

This principle of law is well established by this court, and we cannot say that the court erred in his findings of fact and judgment rendered thereon.

It is contended that the court erred in not granting a new trial, because of newly discovered evidence by the plaintiff in error, after the trial. The motion for a new trial has attached to it an affidavit of the guardian of said Sharshontay to the effect that he has discovered a certain witness that would testify that she has known said Sharshontay since he was a small child, and that from certain facts and circumstances she is able to fix his age, and that said testimony would show that he was a minor at the time he executed the deed. According to this affidavit, this testimony is indefinite and uncertain, and it would not strengthen the testimony of the plaintiff had it been offered and admitted.

In the case of Huster v. Wynn, 8 Okla. 569, 58 Pac. 736, in the syllabus, it is said:

"1. A new trial will not be granted upon the grounds of newly discovered evidence unless it is made to affirmatively appear that the new evidence would be sufficient to probably change the verdict."

Sharshontay, the plaintiff in error, is a full-blood Creek Indian and a ward of the United States government. The United States government was not a party to this suit, and in affirming the judgment of the trial court we are not to be taken as holding this title as established as valid as against any suit which might possibly be brought by the government in behalf of its ward to avoid the deed here in question. We only decide that in the instant case Sharshontay failed to sustain the burden of proof which the law places upon him.

Finding no error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.