## JORDAN v. JORDAN et al.

No. 7804—Opinion Filed Jan. 9, 1917.

(162 Pac. 758.)

1. **Indians—Indian Lands—Enrollment Records.**

Under Act Cong. May 27, 1908, ch. 199, sec. 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes shall be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record giving the age of an Indian as nine years upon November 10, 1900, is conclusive that on that date he had passed his ninth birthday and had not yet reached his tenth, but is not conclusive that he was exactly nine years of age on that day, and does not establish that he was a minor when he made a conveyance of land upon April 16, 1912.

2. **Deeds—Infants — Consideration—Infancy —Attacks—Burden of Proof.**

When the party having the burden of proving title introduced in evidence a duly acknowledged warranty deed, legal in terms and valid upon its face, by which the owner of the record title purports to convey to such party the title in fee simple in the land in controversy, such deed is prima facie evidence of title, the burden of attack upon such deed being in the other party; and, where the party pleads infancy or lack of consideration as grounds of attack upon such a deed, the burden of proving infancy or lack of consideration rests upon such party alleging the same.

(Syllabus by Johnson, C.)

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by Alice B. Jordan against Ray Parks and others and John B. Jordan. There was a judgment for plaintiff, and the last-named defendant brings error. Affirmed.

L. V. Orton and McNeill & McNeill, for plaintiff in error.

George, Campbell & Ray, for defendant in error Alice B. Jordan.

Opinion by JOHNSON, C. This action was instituted by Alice B. Jordan, as plaintiff, against Ray Parks, W. A. Kirkpatrick, and R. L. Beattie, trustee, as defendants, for the purpose of procuring cancellation of a tax deed and quieting title to lands in controversy. John B. Jordan and Tennesee J. Jordan separately intervened in the cause, each claiming ownership of the lands in question.

The lands in question were allotted to John B. Jordan, an unrestricted Cherokee Indian. Prior to August 23, 1913, Alice B. Jordan and John B. Jordan were husband and wife, and were divorced upon the last-mentioned date. Alice B. Jordan claimed title to the lands by virtue of a warranty deed executed to her by the said John B. Jordan, then her husband, on April 16, 1912. Tennesee J. Jordan claimed title to the land by virtue of a warranty deed executed to her by the said John B. Jordan on September 25, 1913. John B. Jordan alleged that the deed to Tennesee J. Jordan was intended as a mortgage, and that the deed to Alice B. Jordan was void for the reason that at the time of the execution thereof he was a minor, and for the further reason that the same was without consideration.

The judgment of the lower court was for the plaintiff, Alice B. Jordan, upon the issues raised by the pleadings of Tennesee J. Jordan and John B. Jordan, and for cancellation of the tax deed in question.

John B. Jordan has brought the case to this court upon appeal. The other defendants not having appealed, the issues raised by them, including the validity of the tax deed in question and the status of the deed from John B. Jordan to Tennesee J. Jordan, need not be considered here. The sole question at issue on this appeal is the validity of the title of Alice B. Jordan under the deed of April 16, 1912, from John B. Jordan.

At the trial in the lower court Alice B. Jordan introduced in evidence the warranty deed executed upon April 16, 1912, by John B. Jordan to herself, and testified that the deed was given in consideration of provision for the separate support of herself, as the wife of the grantor, and for the further consideration of the execution by grantee of certain deeds to other property. John B. Jordan introduced in evidence a certified copy of the enrollment records in the office of the Commissioner to the Five Civilized Tribes pertaining to his age as an Indian allottee, and offered no evidence as to lack of consideration in the deed to his former wife. He relied entirely upon his contention that, as shown by the said enrollment records, he was a minor at the time of the execution of the deed to his former wife.

It was contended by the plaintiff: (1) That the said John B. Jordan was an adult at the time of the execution of the deed in question; and (2) that, after the execution of such deed, divorce proceedings were had between the said John B. Jordan and Alice B. Jordan in which the property rights of such parties were not specifically involved, for the reason that plaintiff considered that they had been settled by the execution of this deed, and that the final decree of divorce in such proceedings settled the property rights between such parties so that they could not later become the subject matter of litigation, although they were not directly placed in issue in such divorce action, and that by reason of the said divorce decree the said John B. Jordan is estopped to claim said land.

In our opinion, the allegations of minority and want of consideration in the deed from John B. Jordan to Alice B. Jordan were not sustained by the proof; and for this reason it is not necessary at this time to discuss the correctness of the contentions as to the effect of the divorce decree as settling the property rights between such parties.

The certified copy of the enrollment records in the office of the Commissioner to the Five Civilized Tribes, introduced in evidence at the trial, showed that John B. Jordan was nine years of age upon the 10th day of November, 1900, without disclosing his exact birthday and with no showing of the time at which he arrived at the age of nine years.

It has been held by the Circuit Court of Appeals for the Eighth Circuit, and this holding has been repeatedly followed by this court, that:

"Under Act May 27, 1908, ch. 199, sec. 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record, giving the age of an Indian as nine years [upon a certain date], is conclusive that on that date he had passed his ninth birthday and had not yet reached his tenth, but is not conclusive that he was exactly nine years of age on that day, and does not establish that he was a minor when he made a conveyance of land one month less than twelve years thereafter." Heffner et al. v. Harmon, 60 Okla. 153, 159 Pac. 650; Hart et al. v. West et al., 62 Oklahoma, 161 Pac. 534; Gilcrease v. McCullough et al., 63 Oklahoma, 162 Pac. 178; McDaniel et al. v. Holland, 230 Fed. 948, 145 C. C. A. 139.

The above cases lay down the principle that, where the enrollment record of an Indian purports to give his exact age, such record is conclusive, but that such record is not conclusive of facts which do not purport to be shown by it. The enrollment record introduced in evidence in this case did not purport to show the exact age, by day and month, of John B. Jordan, but only purported to show that he was nine years of age on November 10, 1900.

The question at issue was as to whether John B. Jordan was twenty-one years of age upon April 16, 1912; and the showing by the enrollment record that he was nine years of age on November 10, 1900, the record not purporting to show that November 10th was his birthday, would not be proof that he was not twenty-one years of age upon April 16, 1912.

The enrollment record not being conclusive, there was no proof to sustain the allegation of minority at the time of the execution of the deed to Alice B. Jordan, no evidence except the enrollment record having been introduced upon this point, with the further exception of a family record composed of a photograph of John B. Jordan and his sister,

which contained a superscription made by the father of John B. Jordan and sister stating that the photograph was taken in June, 1894, and that at that time John B. Jordan was four years of age, this record having been introduced by plaintiff. According to the superscription on this photograph, John B. Jordan would have been past the age of twenty-one years at the time of the execution of the deed to his wife on April 16, 1912.

This court has frequently held that, under our law of procedure, when the party having the burden of proving title introduces in evidence a duly acknowledged general warranty deed, legal in terms and valid upon its face, by the terms of which the owner of the record title purports to convey to such party the title in fee simple in land in controversy, such deed is prima facie evidence of title; the burden of attack upon such deed being in the other party, and, where a party pleads infancy as ground of attack upon a deed, regular upon its face, the burden of proving infancy rests upon the aggressor. Freeman v. First Nat. Bank of Boynton, 44 Okla. 146, 143 Pac. 1165; Rice v. Ruble 39 Okla. 51, 134 Pac. 49; Sharshontay v. Hicks et al., 62 Okla. 1, 161 Pac. 820.

Alice B. Jordan sustained the burden of proof when she offered in evidence the deed executed to her by John B. Jordan, which was duly acknowledged, legal in terms, and valid upon its face, and purported to convey to her the title in fee simple in the land in controversy, and the burden shifted to the defendants to prove the allegations of minority and lack of consideration. As above stated, there was no proof of lack of consideration in the deed, and the burden of proving minority was not sustained.

We therefore conclude that according to the record, the title to the land in controversy was conveyed to Alice B. Jordan by the deed from her husband, John B. Jordan, under date of April 16, 1912.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.