## MILLER v. THOMPSON.
## MILLER v. BRIGHT.

No. 10208—Opinion Filed Dec. 7, 1920.

Rehearing Denied Dec. 28, 1920.

(Syllabus by the Court.)

1. **Infants—Disaffirmance of Deed—Burden of Proof.**

Where a grantor of land seeks to disaffirm her deed and recover the land on the ground that she was a minor when it was executed, she has the burden of proving minority as alleged.

2. **Appeal and Error—Findings—Conclusiveness.**

When a jury is waived and a cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon the Supreme Court upon all doubtful and uncertain questions of fact so found.

3. **Infants—Disaffirmance of Deed—Judgment—Evidence.**

Record examined, and held, that the evidence reasonably tends to support the judgment appealed from, and the same is affirmed.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Actions by Martha Miller against J. W. Thompson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 65 Okla.—, 163 Pac. 528.

F. W. Jacobs, for plaintiff in error.
Thrift & Davenport, for J. W. Thompson.
Roach & Mossman, for other defendants.

JOHNSON, J. This is the second appeal of these cases from the district court of Creek county. Upon the former appeal the cases were remanded. The first cause was an action in ejectment and brought by the plaintiff in error, plaintiff in the court below, involving the title to 40 acres of land, part of plaintiff's allotment, described as the N. W. ¼ of the S. E. ¼ of section 28, twp. 16 N., R. 10 east, in Creek county, Oklahoma. The second cause was brought against Samuel Bright et al. by plaintiff in error to recover possession and quiet title to 80 acres of land described as the S. W. ¼ of the S. W. ¼ of section 14, and the S. E. ¼ of the N. E. ¼ of section 22, twp. 16 N., R. 10 east, being a part of the plaintiff's surplus allotment, she being a freedman, situated in Creek county, Oklahoma.

It was stipulated between the parties that the testimony given in the former trial of these cases, returned from Supreme Court to the district court of Creek county, in so far as competent, relevant, and material, might be offered as evidence in these cases, and that additional evidence might be introduced at the trial of said action by either party. It was further agreed that the only question to be tried was that of the age of the plaintiff on March 11, 1907, the date of the execution of her purported deed, from which all the titles were deraigned. These cases, formerly Nos. 5023, 5024, are now consolidated as 10208.

The plaintiff's allegations, in substance, were, first, that the signatures of the plaintiff to the deeds relied upon by the defendants were forgeries; second, that if the signatures were genuine, the plaintiff was a minor at the time of the execution of the deeds. She also alleges that she could neither read nor write.

A jury was waived and the causes were tried to the court, and resulted in a judgment in favor of the defendants, to reverse which this proceeding in error was regularly commenced by petitions in error, with copies of case-made attached, the assignments of error being, in substance: The court erred in overruling the motion of plaintiff in error for a new trial; erred in not rendering judgment for plaintiff in error on the pleadings, stipulations, and evidence; erred in rendering judgment for the defendants; erred in admitting evidence over the objection of the plaintiff; erred in not rendering judgment for the plaintiff; erred in not following the mandate of the Supreme Court and the law of the cases as announced by the Supreme Court.

Counsel for the plaintiff in error seems to rely for a reversal upon the question, "that the judgment and decision appealed from was not sustained by sufficient evidence." We think this is the sole question for our determination. J. W. Thompson was the sole defendant in the first case, No. 2378 in this court, and defended under the purported deed of plaintiff of March 11, 1907; and Bright and others, defendants in the second case, No. 2397, deraigned their respective titles from such conveyance.

The trial court made no separate findings of fact, but the findings of the court as set forth in the journal entries of judgments were that the court's findings and judgments were in favor of the defendants and against the plaintiff; and the court further finds that the plaintiff is a Creek freedman and that the land involved was a portion of her allotment; that on the 11th day of March, 1907, the plaintiff executed and delivered a warranty deed conveying said land to Guerke, Kepley and Co.; that said deed was the genuine and valid deed of the plaintiff; that on said date the plaintiff was more than 18 years of age, and that in the first cause, No. 2376, the title should be vested in fee simple in the defendant, J. W. Thompson, and in the second cause, No. 2397, that the title of the land should be vested in the defendant Hugh L. McWilliams in fee simple.

The plaintiff testified that her mother and sisters and brothers told her that she was 19 years old and that she was born in 1893. In this she was corroborated in part by the testimony of a sister and others. She also testified that she could neither read nor write. J. W. Thompson testified for the defendant that he had known her all of her life, and that he knew her handwriting, had frequently seen her sign her name, and that her name subscribed to the deed in question was her handwriting. There was admitted in evidence an affidavit of the defendant, made in 1906, as follows:

"That said affiant was also informed by her parents that no record had been kept of the date of her birth and that she was born some time during the month of Feby., 1888, and that said affiant is making this sworn statement for the purpose of obtaining money by the sale of her surplus land."

It was shown by the Creek roll of 1890 and by the custodian thereof that her name appeared on said roll opposite No. 4853, which appeared on page 162 of the Creek tribal rolls, and that her mother, Silla Miller, obtained the 1891 annuity payment for her, and by the testimony of one Hamilton that he knew her well and was in her father's home in February, 1896, and that she appeared to be 8 or 9 years old at that time.

We find from an examination of the record that the testimony is directly in conflict as to the age of the defendant. It has been expressly held by this court in exactly similar circumstances, and where the precise question was involved, that:

"Where a grantor of land seeks to disaffirm her deed to recover the land on the ground that she was a minor when it was executed, she has the burden of proving minority as alleged." Rice v. Ruble, 39 Okla. 51, 134 Pac. 49; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Sharshontay v. Hicks, 62 Okla. 1, 166 Pac. 881.

In Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443, it was said:

"Where a jury is waived and a cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon this court upon all doubtful and uncertain questions of facts so found."

From an examination of the record, it appearing that there was competent evidence reasonably tending to support the judgment of the trial court, the same is therefore affirmed.

All the Justices concur.