## HARPER et al. v. JAMES et al.

No. 10131—Opinion Filed June 21, 1921.

(Syllabus.)

1. **Infants — Action to Disaffirm Deed — Burden of Proof of Minority.**

Where a party attacks the validity of a deed, which it is admitted the attacking party has executed, upon the ground that, at the time he executed the same, he was a minor, he assumes the burden of showing his minority at the time of the execution.

2. **Cancellation of Instruments — Nature of Proceeding.**

A suit for the cancellation of a deed, being one invoking an equitable remedy, is one of equitable cognizance.

3. **Appeal and Error — Review of Equity Case—Judgment—Evidence.**

In considering causes of purely equitable cognizance and where the parties are not entitled to a jury as a matter of right, and where a judgment in such a cause is appealed from and in the Supreme Court it is assigned as error that the judgment of the trial court is not sustained by the evidence the Supreme Court will examine the evidence and if after such examination, it finds that the judgment is not clearly against the weight of the evidence, the appellate court will affirm said judgment.

Error from District Court, Grady County; Will Linn, Judge.

Action by C. W. Harper and another against Harris James and others to cancel deed. Judgment for defendants, and plaintiffs bring error. Affirmed.

Harry Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

ELTING, J. This suit was begun in the district court of Grady county, Oklahoma, by filing a petition on the 3rd day of February, 1917. C. W. Harper and M. H. Hale appear as plaintiffs v. Harris James, Louisa Terrill, nee James, B. F. Brown, the American National Bank of Atoka, Oklahoma, and B. C. Sahm, as defendants.

The allegations of the plaintiffs' petition are in substance as follows:

That they are residents of Grady county, Oklahoma, and that the lands involved in this action are located in said county. That the lands in this controversy are described as follows:

The E. ½ of the N. W. ¼ of the N. W. ¼ and the N. E. ¼ of the S. W. ¼ of the N. W. ¼ of the S. W. ¼ of the S. W. ¼ of the N. W. ¼ of section 35, Twp. 3 N., R. 5 W.

Cornelia James was a duly enrolled full-blood Choctaw Indian, and died in the year 1904 and left surviving her, as her sole and only heir, her daughter, Louisa Terrill, nee James. That on the 26th day of September, 1916, Louisa Terrill, nee James, joined her husband and for good, valuable, and adequate consideration, executed and delivered to J. S. Barbee a deed to said land. Said deed was duly recorded in Grady county, Oklahoma. That Cornelia James, at the time of her death, was a resident of that portion of the Indian Territory which now constitutes Haskell county, Oklahoma, and that the county court of Haskell county, Oklahoma, had jurisdiction over the petition of the said Louisa Terrill, nee James. The said deed to said Barbee was approved by the county court of Haskell county. Alleging deraignment of title from the Barbee deed to plain-

tiffs. The petition of the plaintiffs then re-cites a purported conveyance bearing the date of April 21, 1905, and recorded in the office of the county clerk of Grady county, purporting to convey the above described lands to W. S. Farmer executed by Harris James, the husband of Cornelia James, and Louisa James, the daughter of Cornelia James. Plaintiffs allege that said deed is void and of no effect for the reason that Louisa James, at the time of the execution of said deed, was under the age of 18 years. Alleging, further, that the plaintiffs, since their conveyance from Louisa Terrill, nee James, have been in open, notorious, and exclusive possession of said lands.

Plaintiffs then prayed for the cancellation of the said purported deed from Harris James, the husband of the allottee, and Louisa James, daughter of the allottee, and dated April 21, 1905, and asked for the cancellation of all the mesne conveyances in the chain of title based upon the alleged conveyance and including the deed to B. C. Sahm.

B. C. Sahm filed a separate answer claiming to be the owner of said lands by warranty deed dated August 24, 1914, whereby he was conveyed the lands herein by William M. Stites and Dela M. Stites, husband and wife, and setting up the chain of conveyances from W. S. Farmer, the original grantee in the deed of April 21, 1905. Also denying the allegation of the plaintiffs that Louisa James, at the time she executed said deed on April 21, 1905, to W. S. Farmer, was a minor under the age of 18 years. Alleging that his title was a good, valid, and subsisting title in and to said lands.

The said cause was tried on the 21st day of January, 1918. A jury was called, examined, and sworn to try one question of fact: Was Louisa James 18 years of age on the 21st day of April, 1905? The proofs on the question of age were submitted to the jury by depositions taken. The plaintiffs introduced and read the depositions of two witnesses: That of Louisa Terrill, nee James, and George W. Scott, and bearing upon the question of the age of Louisa James. The defendants offered the depositions of three witnesses: Alexander Johnson, Jincy Fulsom, and Joseph Fulsom, and bearing upon the question of the age of Louisa James.

After the close of the evidence, the court instructed the jury and the jury returned into court the following verdict:

"We the jury, duly drawn, legally empaneled, and sworn to try the issues join-ed in the above entitled cause, do upon our oaths find that on the 21st day of April, 1905, that Louisa James was of the age of 18 years or more, and, therefore, find for the defendants."

After the verdict was received, the defendant B. C. Sahm moved the court for judgment on the finding of the jury and motion was granted.

Plaintiffs filed a motion for a new trial and same was overruled by the court. Notice of appeal was given, and the same has been appealed to this court by petition in error filed herein supported by a case-made.

The plaintiffs in error assigned eight assignments of error, and in their brief admit that the only issue in the trial court was the question of the age of Louisa James at the time she executed the deed to W. S. Farmer, on April 21, 1905, and if she was 18 years of age or over, then the defendants should win; if she was under 18 years of age, then the plaintiffs were entitled to the land. The defendants agree that that was the only issue.

Upon this contention the jury held against the plaintiffs and in favor of the defendants and the trial court, in his judgment, approved the verdict of the jury upon said issue. It appears from the record that the allottee of this land in controversy, Cornelia James, died prior to the selection of the allotment, and that the allotment was selected by an administrator, and if selected prior to April 26, 1906, her heirs, if of age, could convey a legal title to her allotment, provided it was conveyed before said date.

The plaintiffs in error in this case were the plaintiffs below, and the defendants in error were the defendants below, and we will refer to them herein as plaintiffs and defendants.

The plaintiffs in error urge, in their brief, only two assignments of error: First, that the court committed error in instructing the jury that the burden was on the plaintiffs to show by preponderance of the evidence that Louisa James, at the time she executed the deed to W. S. Farmer, on April 21, 1905, was a minor and under the age of 18 years. Second, that the verdict of the jury and the judgment of the trial court were clearly against the weight of the evidence.

We think, that under the issues joined in this case, the burden was upon the plaintiffs to show the invalidity of said deed. They asked to have the same canceled and their suit is in the nature of a suit to quiet

title. The second paragraph of the syllabus in the case of Sharshontay v. Hicks et al., 62 Okla. 1, 166 Pac. 88, reads as follows:

"Where a grantor seeks to disaffirm his deed and recover the land on the ground that he was a minor when it was executed, he has the burden of proving minority as alleged."

See, also, second paragraph of the syllabus of Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758.

The same rule applies in the instant case. The presumption always favors the validity of a deed, and he who attacks the validity of the same assumes the burden.

A suit for the cancellation of a deed is an equitable suit. In the case of Watson v. Borah et al., 37 Okla. 357, 132 Pac. 347, the principle was stated as follows:

"A suit for the cancellation of a deed of conveyance is one of equitable cognizance, invoking, as it does, an equitable remedy."

The first paragraph of the syllabus in the last cited case reads as follows:

"In suits of purely equitable cognizance, the functions of the jury are merely advisory to the court, and the court may make and return its own findings of fact based upon the evidence, independent of the verdict of the jury."

The second paragraph of the syllabus reads as follows:

"Where findings of fact are made by the court, the court's instructions to the jury are wholly immaterial, and error cannot be predicated thereon."

Even if the instruction would be held to be erroneous, under this proposition, the judgment of the court holding the finding of the jury correct on the only question of fact submitted to the jury, the age of Louisa James, was correct, and would have cured any error in the instructions.

The second assignment of error urged by the plaintiffs, in their brief, was that the verdict and judgment of the court were against the clear weight of the evidence. Upon the contention of the plaintiffs in error that the verdict and judgment of the court were against the weight of the evidence, we find, upon examination of the briefs of the two contending parties herein. that the rule followed by this court, as to its procedure upon such an assignment as in the instant case and in regard to reviewing and considering the evidence taken in the trial court, is correctly stated by the plaintiffs in error's

attorneys in their brief. Whereas the rule announced in the brief of the attorneys for the defendants in error and found in the authorities they cite is not the correct rule to be applied in this case, but the rule so cited is the one that applies in the cases of purely legal cognizance. The rule that applies in this case is stated as follows in the cases of Tucker v. Thraves, 50 Okla. 691, 151 Pac. 595:

"In a case purely of equitable cognizance, where the parties are not entitled to a jury, this court has on appeal the power to go into and examine the evidence, and where the judgment of the trial court is clearly against the weight of the evidence, to render judgment or cause to be rendered such judgment as the trial court should have rendered."

Hence, the converse is true—if not clearly against the weight of the evidence, the judgment should be sustained.

We have carefully examined the evidence in this record and the argument thereon in both briefs, and after such examination we are unable to say that the finding of fact by the court in the instant case is clearly against the weight of the evidence.

The judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and NICHOLSON, JJ., concur.