## LIEBERMAN v. MERRING, MARTIN & BOISE CO.

No. 10390—Opinion Filed Jan. 10, 1922.

(Syllabus.)

**1. Appeal and Error — Conclusiveness of General Finding.**

When a jury is waived and a cause is tried to the court, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence, is conclusive upon this court upon all doubtful and uncertain questions of fact so found.

**2. Sales—Breach of Purchase—Judgment for Seller—Sufficiency of Evidence.**

Record examined, and held, the judgment of the trial court is reasonably supported by the evidence, and the same is affirmed.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Merring, Martin & Boise Company against H. Lieberman to recover for breach of sale contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Dabney & Morrill, for plaintiff in error.

Everett Petry and T. M. Robinson, for defendant in error.

JOHNSON, J. On the 23rd day of April, 1917, Merring, Martin & Boise Company, as plaintiff, commenced an action in the district court of Jackson county against H. Lieberman, as defendant, to recover the balance due upon a carload of eggs alleged to have been sold by the plaintiff to the defendant for the sum of $3,742.30, which were shipped from Weatherford, Tex., to Chicago, Ill.; alleging that on the defendant's failure to accept and pay for the same the eggs were resold by direction of the plantiff in the open market at Chicago at public auction after five days' notice of such sale, and the net sum received for the eggs was $3,043.98, for which amount the defendant was given credit; and the plaintiff prays for judgment for the difference between said sums.

The defendant answered by a general denial, and expressly pleaded the statute of frauds as a defense.

A jury was waived by the parties and the cause was tried to the court, and at the conclusion of the testimony of the plaintiff the defendant demurred to the evidence, which being overruled by the court, the defendant saved an exception and stood upon his demurrer to the evidence, whereupon the court rendered a judgment in favor of the plaintiff in the sum of $689.22, to reverse which the defendant has regularly commenced this proceeding in error.

The defendant makes six specifications of error in his petition, concerning which counsel say in their brief:

"The sole question of law to be presented in this brief by the plaintiff in error is that the contract sued upon in this case was within the statute of frauds and under our statute invalid and unenforceable." And: "The uncontradicted evidence in this case shows that it is an action brought by the defendant in error upon a contract not in writing, entered into by and between the plaintiff and defendant by the terms of which the defendant purchased from the plaintiff, a carload of eggs at a price exceeding $50; that there never was a delivery or acceptance of the eggs or any part or portion of them, and that no part or portion of the purchase price was ever paid."

With these contentions of counsel we cannot agree. The defendant contends that this case comes within subdivision 4 of section 941 of Rev. Laws 1910, which reads as follows:

"Fourth. An agreement for the sale of goods, chattels, or things in action, at a price not less than fifty dollars, unless the buyer accept or receive part of such goods or chattels, or the evidences of some of them, of such things in action, or pay at the same time some part of the purchase money. * * *" (The contract is invalid.)

As to whether or not there was an acceptance of the eggs by the defendant, that was a question of fact to be determined by the court. The sole question presented for our determination is, "Was the finding and judgment of the court sustained by the evidence?" The facts as disclosed by the record, are, briefly, as follows:

The plaintiff and defendant were each produce dealers in Altus, Okla. The defendant was doing business under the trade name of the Oklahoma Hide & Produce Company. The plaintiff and defendant entered into an oral contract whereby the plaintiff sold to

the defendant a carload of eggs, which the plaintiff then owned, and which were in the possession of W. E. Scott & Company at Weatherford, Tex. Immediately following the sale the plaintiff wired Scott & Company that he had sold the eggs to the defendant, and that the defendant would advise him (Scott & Company) as to their disposition. Thereupon the defendant sent his agent, R. L. Smith, to Weatherford, Tex., to inspect and receive the eggs. Smith arrived at Weatherford, called on Scott & Company, made known his identity and business, and inspected the eggs. He thereupon called the defendant, his employer, by long distance telephone and informed him that he had inspected the eggs, and that they were all right, and also told Scott & Company that they desired to have the eggs loaded and shipped to Chicago, Ill. Pursuant to this instruction Scott & Company loaded the eggs in a car and then wired the defendant as follows:

"Oklahoma Hide & Produce Co.,

"Altus, Oklahoma.

"Car 16591 A. R. T. eggs now loaded ready to move. Your man requested us to ice car but cannot get ice put in same until tomorrow. Shall we send out car today or wait until tomorrow?

"W. E. Scott & Co.".

The defendant replied to this telegram by wire as follows:

"W. E. Scott & Co.,

"Weatherford, Texas.

"Move car today, if car has four hundred cases have railroad place four tons of ice in car at Ft. Worth, and put no more in to destination.

"Oklahoma Hide & Produce Co."

Pursuant to these instructions from the defendant and his agent, Smith, Scott & Company shipped the eggs from Weatherford, Tex., to Chicago, Ill., took a negotiable bill of lading in their own name, indorsed it and mailed it to the plaintiff, who immediately took it in person to the defendant. The defendant refused to take it or look at it, but informed the plaintiff that he had decided that he couldn't use the eggs. The plaintiff had nothing to do with the inspection, loading, or shipping of the eggs. That was all done by Smith, the general agent of the defendant, and by Scott & Company, acting for the defendant under specific instructions set forth above. There was no delay in tendering the defendant the shipping documents, and no point is made as to their sufficiency or insufficiency.

The law is well established in numerous decisions of this court that in the trial of an action at law before the court without a jury, the findings of the trial court on ques-

tions of fact have the same weight and are supported by the same presumptions as the verdict of a jury. Muskogee Electric Traction Co. v. Latty, 77 Okla. 156, 187 Pac. 491, And also that where, as in the instant case, the trial court made no separate findings of fact, but only a general finding in favor of the plaintiff, such general finding by the court was, in effect, a special finding of every fact that is necessary to support the judgment rendered, and that if there is any evidence reasonably tending to support the findings of the court, such findings and the judgment rendered thereon will not be disturbed by this court on appeal. Elwood Oil & Gas Co. v. Gano, 76 Okla.287, 185 Pac. 443; Miller v. Thompson, 80 Okla. 70, 194 Pac. 103; Mounts v. Boardman Co., 79 Okla. 90, 191 Pac. 362; Sims v. Ward, 78 Okla. 72, 188 Pac. 884; Foreman v. Needles, 78 Okla. 105, 188 Pac. 1087; Barnett v. Barnett, 78 Okla. 249, 189 Pac. 743; Katterhenry v. Williamson, 78 Okla. 221, 190 Pac. 404; Tulsa Fuel & Mfg. Co. v. Gilchrist, 79 Okla. 82, 190 Pac. 399.

We deem it sufficient to say that we think the evidence, supra, reasonably tends to support the judgment of the trial court. The same is therefore affirmed.

PITCHFORD, V. C. J., and KANE, McNEILL, and MILLER, JJ., concur.