CANARD et al. v. WILSON et al.

No. 12526—Opinion Filed Jan. 22, 1924.

1. Indians—Proof of Age—Enrollment Records.

The act of Congress of May 27, 1908, declaring the enrollment records of the Commissioners to the Five Civilized Tribes conclusive evidence of age, does not exclude other evidence on the subject consistent with the record and enrollments. Therefore, where the enrollment purported to show the age of an Indian, at the time of application for enrollment, in years only, evidence is admissible to show the exact day of his birth.

2. Same—Validity of Deed—Presumptions.

In this case the enrollment records introduced in evidence show that the Indian whose age is in question was enrolled as 11 years of age, but the record does not show date of enrollment. Held, the evidence offered to establish date of enrollment is insufficient to overcome the presumption that he was of age at the time he executed the deed in question in this case.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okfuskee County: Mark L. Bozarth, Judge.

Action by Amos Canard and others against C. W. Wilson and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Phillips, Douglass & Duling and J. B. Dudley, for plaintiffs in error.

E. T. Noble, S. L. O'Bannon, and Wright, Huddleston & Stephenson, for defendants in error.

Opinion by MAXEY, C. This case involves the title to an undivided one-third interest in the allotment of Rosanna Canard who was a Creek Indian of the full-blood and enrolled opposite No. 4969 of the authenticated roll of said tribe, and died intestate on November 26, 1899, and left her surviving as her sole and only heirs at law her husband, Billy Canard, and three children, Katie, Lucy, and Joseph, all of whom are duly enrolled as full-blood Creek Indians. Subsequent to the death of Rosanna Canard, the land in controversy in this action was duly allotted to her heirs, and on September 9, 1909, the heirs of said deceased conveyed said land by a general warranty deed to the defendant Ollie A. Wilson and one F. E. Selfridge, which said deed was duly approved by the county court of Okfuskee county. On March 28, 1911, the said Ollie A. Wilson and F. E. Selfridge conveyed an undivided one-half interest in and to said lands to the defendants in error, W. P. Brown and J. S. Todd. Later the defendant in error C. W. Wilson acquired the remaining interest of F. E. Selfridge in said land.

In 1918, the said Joseph Canard died intestate in Okfuskee county leaving surviving him, as his sole and only heirs at law and next of kin, the plaintiffs herein, Amos Canard, Helen Canard, Rufus Canard, Wilson Canard, and Lucile Canard; and they claim that the deed of September 9, 1909, was void as to Joseph Canard, for the reason that he was a minor at the time of the execution thereof, and that they, as his heirs, own an undivided one-third interest in and to said land.

On September 6, 1919, the plaintiffs in error herein commenced this action in the superior court of Okfuskee county against the defendants in error herein to recover an undivided one-third interest in and to said lands, and for rents and profits. The petition is in the usual form, issue was joined, and the sole question presented was whether or not the said Joseph Canard was of age on September 9, 1909, the date of the execution of the deed hereinbefore referred to. The trial court held that he was, and rendered judgment in favor of defendants in error. A motion for new trial was filed which was overruled and exceptions saved and time extended to prepare and serve case-made, and in due time said case-made was settled, signed, and the appeal lodged in this court.

The court reporter who took the evidence in this case lost her notes, on account of which the plaintiffs in error, plaintiffs below, filed a petition for a new trial. Later the difficulty occasioned by the loss of the stenographic notes was obviated by a stipulation between the parties. This stipulation, omitting the caption and signature, is as follows:

"It is agreed that the plaintiffs offered the witness Sallie Canard, who testified that Joseph Canard, enrolled opposite 4967, Creek Roll, was born in the month of January, but that witness could not remember what year; that thereupon the plaintiffs offered in evidence Exhibit No. 1., certified by the proper officer in charge of the Indian Department at Muskogee; that the defendants objected and excepted to the introduction of said exhibit, although the court admitted the same over their objection and exception. A copy of said exhibit is hereto attached and made a part of this case-made.

"That thereupon the plaintiffs rested and the defendants introduced in evidence a warranty deed dated the 9th day of September, 1909, and purporting to have been executed by Joseph Canard et al. to Ollie A. Wilson and F. E. Selfridge, said deed being the same

deed described in the separate answer of defendants, and that defendants also introduced an order of the county court of Okfuskee county, approving said deed, dated the 9th day of September, 1909, said deed being approved by the county court of Okfuskee county, Okla., and thereupon both parties rested and judgment was rendered as shown by the journal entry, which is also made a part of this case-made.

"That the above is substantially all of the testimony that was introduced at said hearing and that for the purpose of this appeal this agreement is to be treated as a part of the case-made in this case and as all of the testimony upon which the court made his findings against plaintiffs."

The plaintiffs in error have assigned four errors which may all be considered together, as they all go to the single question of whether Joseph Canrad was of age at the time he executed the deed on September 9, 1909.

Joseph Canard was enrolled as 11 years old, but the enrollment record introduced in evidence as "Exhibit No. 1." is imperfect or incomplete in that there is nothing in said record that shows the date of the enrollment of Joseph Canard, unless it be the notation in the right-hand corner of said census card, "February 3, 1900." If that is the date of enrollment then Joseph Canard would not have been of age on September 9, 1909. He is enrolled as 11 years of age, and therefore lacked 10 years of being of age at the time of enrollment, and 10 added to 1900 would make him come of age in 1910. Counsel for defendants in error contend that this notation on the census card does not mean the date of his enrollment when standing alone but requires some evidence extraneous of the record to determine what its purpose on the card was, and cites the cases of Jackson v. McGilbray, 46 Okla. 208, 148 Pac. 703, and Gilcrease v. McCullough, 63 Okla. 24, 162 Pac. 178. In Gilcrease v. McCullough, supra, the enrollment record there as here had a notation in the right-hand corner "June 9-99". The court held that insufficient to fix the date of enrollment without some evidence to explain what the notation meant. In the case of Jackson v. McGilbray, supra, the enrollment record had a notation "Enrolled as of August 1898." The court held that that was insufficient to fix the date of enrollment. The case of Gilcrease v. McCullough, supra, was appealed to the Supreme Court of the United States, and was affirmed by that court, and is reported in 249 U. S. 1778, 63 L. Ed. 547. So that it would seem that the question of whether "February 3, 1900," when standing alone has any probative force has been settled. It is so decided in the two cases just cited, and they are binding on this court.

In the case of Gilcrease v. McCullough, 249 U. S., page 178, Mr. Justice Brandeis, in closing the opinion of the court, said:

"The purpose of sec. 3 of the act of May 27, 1908, seems to have been simply to make the record conclusive as to age in so far as it purports to state age. The cases in the lower federal courts, the recent decisions in the Supreme Court of Oklahoma, and the great weight of all the authorities support the proposition that, when the age is stated simply in years or whenever the age is not stated definitely by the addition of the months or days, other evidence may be introduced to supplement the record by proving these and thus establish the exact date of birth."

The only other evidence, if it can be called evidence, in support of the proposition that Joseph Canard was a minor at the time he executed the deed of September 9, 1909, was that of Sally Canard who testified that Joseph was born in the month of January, but she could not state what year he was born. This testimony had no probative force in determining the age of Joseph Canard.

The rule has been well settled, and is admitted by counsel for plaintiffs in error to be the rule in this jurisdiction, that one who alleges minority has the burden of proving it. Rice v. Ruble, 39 Okla. 51, 134 Pac. 49; Freeman v. First Nat. Bk., 44 Okla. 146, 143 Pac. 1165; Gillam v. Richart, 50 Okla. 144, 150 Pac. 1037; Sharshontay v. Hicks, 62 Okla. 1, 166 Pac. 88; Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758; Miller v. Thompson, 80 Okla. 70, 194 Pac. 103. There is no question raised, and the fact seems to be conceded, that if Joseph Canard was a minor on the date of the execution of the deed in question the same was void and passed no title, and his heirs would be entitled to recover one-third interest in the lands involved herein. If, on the other hand, he was then of age they have no interest and the judgment of the trial court should be affirmed.

As before stated, the only evidence offered by plaintiffs in error, who were plaintiffs below, was the enrollment record of the Commissioner to the Five Civilized Tribes, and the testimony of Sally Canard, above quoted. Is this testimony sufficient to overcome the legal presumption that Joseph Canard was of age when he executed the deed? We think not. There is nothing in the enrollment record to show when Joseph Canard was enrolled, and the testimony of Sally Canard does not, in our judgment, aid the court on that question in the least. We have discussed

the notation on the right hand corner of the card of February 3, 1900, and have cited the cases from our Supreme Court, and also from the Supreme Court of the United States, to the effect that this notation when standing alone does not prove anything. We, therefore, conclude that the plaintiffs in error failed to introduce sufficient evidence to overcome the presumption of age raised by the execution of the deed, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.