### CATON v. BRUBAKER.

No. 12367—Opinion Filed March 31, 1925.

(Syllabus.)

1. **Indians — Evidence of Age—Enrollment Records.**

Under the act of May 27, 1908, c. 199, sec. 3, 35 Stat. 313, providing that the enrollment records o. the Commissioner of the Five Civilized Tribes should be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record giving the age of an Indian as eight years on the date of application for enrollment is conclusive that on that date she had passed her eighth birthday and had not yet reached her ninth, but is not conclusive that she was exactly eight years of age on that date; and evidence tending to prove that the allottee was as much as eight years and one month of age on that date but had not yet reached her ninth birthday .was admissible although the testimony did not fix the day or month of her birth.

2. **Infants — Deed Attacked on Ground of Minority—Burden of Proof.**

Where a party attacks the validity of a deed which it is admitted the attacking party executed, upon the grounds that at the time she executed the same she was a minor, she assumes the burden of showing her minority at the time of the execution.

3. **Appeal and Error—Review of Evidence in Equity Case—Affirmance.**

In considering causes of purely equitable cognizance, where a judgment in such a cause is appealed from and in the Supreme Court it is assigned as error that the judgment of the trial court is not sustained by the evidence, the Supreme Court will examine the evidence, and if after such examination it finds that the judgment is not clearly against the weight of the evidence, the appellate court will affirm, said judgment.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by Estelle A. Brubaker against Edna Ellen (Adkins) Caton to quiet title to certain real estate in Murray County, and for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Walter E. Latimer, for defendant in error.

PHELPS, J. Edna Ellen (Adkins) Caton was enrolled as a member of the Chickasaw Tribe of Indians and as such was allotted certain lands in what is now Murray county, Okla. On August 1, 1908, she sold the same to one L. S. Caton for a cash consideration of $5,000, executing a warranty deed therefor, and after several transfers Estelle A. Brubaker, defendant in error herein, became the owner thereof, and after remaining in possession about ten years she filed her petition in the district court of Murray county, alleging that plaintiff in error claimed some interest therein, and prayed that any cloud upon her title because of the claim of plaintiff in error be removed. Before summons was served on the plaintiff in error she filed suit in the same court alleging in her petition that she was the owner of the land in question; that at the time she executed the deed to the same, to wit, on August 1, 1908, she was under the age of 18 years, and prayed judgment for possession and $3,000 rental thereon. The causes were consolidated and tried in the district court of Murray county upon the sole question as to the age of plaintiff in error at the time she executed the deed purporting to convey the same, and on the 9th day of December, 1920, the court rendered its judgment finding in favor of the defendant in error, and from the court's order overruling the motion for new trial plaintiff in error prosecutes her appeal to this court.

Plaintiff in error claimed that she lacked 25 days of being 18 years of age at the time the deed in question was executed, and for the purpose of proving her contention introduced the enrollment record showing her enrollment as a member of the Chickasaw Tribe. This enrollment record showed that on the date of the application for enrollment (September 3, 1898) the plaintiff in

error was eight years of age, but the enrollment record does not show the date of birth of plaintiff in error. She introduced evidence tending to show that she was born on August 26, 1890, and was, therefore, 25 days less than 18 years of age on August 1, 1908, when the deed was executed. The defendant in error offered evidence tending to prove that she was 18 years of age on August 1, 1908, when she executed the deed in question. The trial court heard all the evidence and apparently carefully analyzed and examined the same, having the witnesses before him, and in an extended and careful review of all the evidence dictated into the record his conclusions that the plaintiff in error had failed to establish that she was under 18 years of age on August 1, 1908, at the time she executed the deed.

There are several assignments of error, but as we view it, the entire case hinges upon what the evidence showed relative to the age of the plaintiff in error at the time she executed the deed in question. Since the enrollment record shows she was eight years old at the time she was enrolled, but fails to show the date of her birth, testimony was competent and admissible tending to show the date upon which she was born. Cushing v. McWaters, 71 Okla. 138, 175 Pac. 838, holding that:

"Under the Act of Congress of May 27, 1908, sec. 3, 35 Stat. 313, providing that the enrollment records of the Commissioner of the Five Civilized Tribes shall be conclusive evidence as to the age of all enrolled citizens of freedmen, held that tne record is conclusive as to all facts shown by it, but that when it gives the age of the citizen in years only, without purporting to fix the exact date of his birth, it is not conclusive as to the day and month upon which such citizen was born." Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758; Heffner v. Harmon, 60 Okla. 153, 159 Pac. 650; Strawn v. Brady, 84 Okla. 66, 202 Pac. 505; Gilcrease v. McCullough, 249 U. S. 178.

Under the issues presented the burden of proving that plaintiff in error was under 18 years of age at the time she executed the deed was upon her. Harper et al. v. James et al., 82 Okla. 186, 199 Pac. 209. In the above cited case this court in the syllabus thereof uses the following language:

"Where a party attacks the validity of a deed, which it is admitted the attacking party has executed, upon the ground that at the time he executed the same he was a minor, he assumes the burden of showing his minority at the time of the execution."

Also is Sharshontay v. Hicks et al., 62 Okla. 1, 166 Pac. 881, this court said:

"Where a grantor * * * seeks to disaffirm his deed and recover the land on the ground that he was a minor when it was executed, he has the burden of proving minority as alleged."

Also in Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758, this court said:

"* * * Where a party pleads infancy as ground of attack upon a deed, regular upon its face, the burden of proving infancy rests upon the aggressor. Freeman v. First National Bank of Boynton, 44 Okla. 146, 143 Pac. 1165; Rice v. Ruble, 39 Okla. 51, 134 Pac. 49."

From the record it appears that both the court and counsel for each side treated this proceeding as one of equity, which theory seems to be justified and upheld in Harper v. James, supra, in which this court said:

"A suit for the cancellation of a deed, being one invoking an equitable remedy, is one of equitable cognizance.

"A suit for the cancellation of a deed is an equitable suit. In the case of Watson v. Borah et al., 37 Okla. 357, 132 Pac. 347, the principle was stated as follows: 'A suit for the cancellation of a deed of conveyance is one of equitable cognizance, invoking, as it does, an equitable remedy.' "

The evidence in this cause was decidedly conflicting. The action is one of purely equitable cognizance. The burden of proof was upon the plaintiff in error to show her minority at the time the deed was executed. The learned trial court found for the defendant in error, and it is a well-settled rule of law of this state that where there is conflicting evidence on any fact, the finding of fact of the lower court must be considered the finding of fact in this court, qualified, however, in an equitable case, that this court may search the record and if the evidence is clearly against the finding of the lower court, the cause may be reversed. In the case of Harper et al. v. James et al., supra, in the third paragraph of the syllabus this court used the following language:

"In considering causes of purely equitable cognizance, and where the parties are not entitled to a jury as a matter of right, and where a judgment in such a cause is appealed from and in the Supreme Court it is assigned as error that the judgment of the trial court is not sustained by the evidence, the Supreme Court will examine the evidence, and if after such examination it finds that the judgment is not clearly against the weight of the evidence, the appellate court will affirm said judgment."

In Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598, this court used this language:

"In a case purely of equitable cognizance,

where the parties are not entitled to a jury, this court has on appeal the power to go into and examine the evidence, and, where the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as the trial court should have rendered."

Hence the converse is true; if not clearly against the weight of the evidence, the judgment should be sustained. We have carefully and thoroughly examined the evidence in this record and the argument thereon in the briefs of both parties, and after such careful examination we are unable to say that the finding by the court in the instant case is clearly against the weight of the evidence. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur; BRANSON, V. C. J., concurring in conclusion only.