**CAMP et al. v. WHITNEY et al.**

No. 20169. Opinion Filed June 14, 1932.

C. G. Cutlip, T. J. Horsley, and Kenneth H. Lott, for plaintiffs in error.

W. C. Wood, for defendants in error.

HEFNER, J. This is an action begun in the district court of Seminole county by Cheparney Camp and another against E. W. Whitney et al., to recover an interest in certain land situated in that county, and to quiet title thereto.

Plaintiff Camp is a full-blood Seminole Indian, and claims title as an heir of John Hayecha, a deceased full-blood Seminole Indian. It appears that, on October 28, 1927, plaintiff conveyed his interest in the land to Al G. Nichols and A. H. Miracle, who thereafter, and on November 5, 1927, conveyed the same to E. W. Whitney. Plaintiff based his cause of action on the theory that he was a minor at the time he conveyed the land to Nichols and Miracle. Trial was to the court and resulted in judgment in favor of defendants.

Plaintiff has appealed and asserts that the judgment is contrary to the evidence. He offered the evidence of several witnesses who testified that he was born in September, 1907, and was not of age at the time he conveyed the premises in question. Plaintiff testified that he stated at that time he was 21 years of age; that he was informed by his mother and others that he was of age at the time he executed the deed, and that his mother so swore before the county judge at the time the deed was approved. He was not enrolled, and therefore his age could not be shown by the enrollment records. The trial court, in its findings of fact and conclusions of law, stated that the burden of proof was upon plaintiff to establish his minority at the time of the execution of the deed by a preponderance of the evidence, and that he failed to meet this burden. The court thereupon rendered judgment in favor of defendants. We cannot say, under the record here presented, that the court erred in so doing.

In Miller v. Thompson, 80 Okla. 70, 194 P. 103, the following rule is announced:

"Where a grantor of land seeks to disaffirm her deed and recover the land on the ground that she was a minor when it was executed, she has the burden of proving minority as alleged."

To the same effect are Rice v. Ruble, 39 Okla. 51, 134 P. 49; McKeever v. Carter, 53 Okla. 360, 157 P. 56; Sharshontay v. Hicks, 62 Okla. 1, 166 P. 881.

In the Sharshonty Case, supra, the court said:

"There was some evidence tending to prove that the plaintiff was a minor at the time he executed said deed on the 19th day of March, 1910. There was also considerable evidence to the effect that he was of age on that date. The burden of proof was upon the plaintiff to establish the allegations on his petition by a preponderance of the evidence. The court said in his findings of fact that:

"'It is not necessary for the court to say whether or not the testimony preponderates in favor of the defendant, but it is only necessary to say that the burden of proof has not been sustained.' * * *

"This principle of law is well established by this court, and we cannot say that the court erred in his findings of fact and judgment rendered thereon."

Plaintiff further contends that the court erred in admitting the testimony of witness Nichols that plaintiff's mother had stated to him that he, plaintiff, was of age at the time he executed the deed. His mother was present but did not testify. This evidence should have been excluded on objection of plaintiff. We think, however, that its admission does not constitute reversible error. The court based its conclusion upon the principle that the burden of proof was upon plaintiff to establish his minority, and that he failed to meet this burden. The admission of the evidence objected to, under the findings of the court, is harmless.

It further appears that, after judgment was rendered and prior to appeal, plaintiff sold his interest in the land to J. O. Hadley, who was then substituted by the trial court as a party plaintiff. Defendants ask that the appeal be dismissed for this reason. We think the substitution was proper under section 223, C. O. S. 1921.

The judgment is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.