### SIBEL v. VAWTER.

No. 14555—Opinion Filed Jan. 29, 1924.

Rehearing Denied May 13, 1924.

Second Rehearing Denied June 17, 1924.

1. **Contracts —Rescission —Fraudulent Representations.**

A petition for rescission of contract which alleges the making of material false and fraudulent representations by the defendant to the plaintiff which were reasonably calculated to induce a party exercising ordinary care to act thereon, and did cause the plaintiff to enter into the contract, states a cause of action for rescission of contract.

2. **Appeal and Error—Sufficiency of Evidence—Equity Case.**

This court, on appeal, in a case of purely equitable cognizance will examine the record, but will not reverse the judgment of the trial court unless it is clearly against the weight of the testimony.

3. **Same—Exchange of Property—Cancellation of Contract.**

Record examined; held, to be sufficient to support the judgment for cancellation in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by J. W. Vawter against Alva Sibel for rescission of contract. Judgment for plaintiff. Defendant brings error. Affirmed.

Oliver C. Black, for plaintiff in error.

Chastain, Harris & Young, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant for cancellation of a contract involving the transfer and exchange of promissory notes and mortgages between the parties. The plaintiff alleged that the notes and mortgages he exchanged to the defendant were in the principal sum of about $570. The plaintiff further alleged that the note was of the value as shown by the written evidence of indebtedness, and that he had placed the note with the defendant for collection. The defendant retained the note for a few days and then offered to give two notes secured by a real estate mortgage in the total sum of $800 for plaintiff's notes. At the time of offering to make the exchange the defendant represented that the mortgage was on land situated in McCurtain county consisting of about 40 acres, and was worth considerable more than the indebtedness against the property. The plaintiff executed and delivered his note to the defendant for the difference between the notes then owned by the respective parties. After the contract was made and exchange of notes, the plaintiff alleged that he went on to the real estate in McCurtain county and inspected the same, and found it to be mountain land of the reasonable value of about $200, with a first and prior mortgage against it in about the sum of $350. The plaintiff alleged that such representations were false and fraudulently made, and relying on such representations he entered into the contract with plaintiff for the exchange of the notes and executed and delivered the note and chattel mortgage for the difference between the two notes. The allegations stated a cause of action for the relief prayed for. The defendant filed his general denial and thereby joined the issue with plaintiff. In the trial of the cause judgment went for the plaintiff for cancellation. The defendant appealed the cause to this court, and among the several errors assigned is the complaint that the judgment of the court is not supported by sufficient testimony. A careful examination of the record discloses sufficient competent proof on the part of the plaintiff to support his allegations. In reviewing an appeal in a cause of purely equitable cognizance this court will examine the record and weigh the evidence, but will not reverse the cause unless the judgment of the court

is clearly against the weight of the evidence. Black v. Donaldson, 79 Okla. 299, 193 Pac. 424; Potter v. Ertel, 80 Okla. 67, 194 Pac. 201; Harper v. James, 82 Okla. 186, 199 Pac. 209.

We have carefully examined the record in this case, and find that the judgment is not clearly against the weight of the evidence. It would serve no good purpose to consider other errors assigned, in view of the conclusions already reached.

Therefore we recommend that this cause be affirmed.

By the Court: It is so ordered.